WILLIAM D. MILES *et al.*, Respondents, *v.* CHARLES F. WALTHER, Appellant.

#### November 14, 1876.

Where property pledged to secure a debt is sought to be recovered by replevin, and judgment is for defendant for the money value of the property pledged, and is paid, the judgment being for more than the plaintiff's debt, the defendant holds the remainder of the money recovered, after satisfying his claim, to the use of plaintiff.

APPEAL from St. Louis Circuit Court.

*General term affirmed and cause remanded.*

*Smith P. Galt,* for appellant, cited : LeGuen *v.* Gouverneur, 1 Johns. 437 ; Goodrich *v.* City of Chicago, 5 Wall. 235 ; Bellinger *v.* Craigue, 31 Barb. —— ; Baker *et al. v.* Cleveland, 19 Mich. 235 ; Aurora City *v.* West, 7 Wall. 82 ;

Hoffer *v.* Allen, Law Rep. 2 Ex. 14 ; Fallon *v.* Manning, 35 Mo. 271 ; Frei *v.*Vogel, 40 Mo. 149 ; Dilworth *v.* McKelvey, 30 Mo. 149 ; Gould *v.* Evansville & Crawfordsville R. R. Co., 3 C. L. J. 174.

*Hill & Bowman,* for respondents, cited : Seaman *v.* Luce, 23 Barb. 240 ; Ingersoll *v.* Van Bokkelin, 8 Cow. 670 ; Russell *v.* Butterfield, 21 Wend. 300 ; Dilworth *v.* McKelvey, 30 Mo. 149.

BAKEWELL, J., delivered the opinion of the court.

Plaintiffs, who are husband and wife, in their second amended petition filed herein, allege that plaintiff Mary C. Miles, on November 10, 1872, borrowed of defendant $83, for which she gave her note at three months to defendant, and also deposited with defendant, as collateral security for said note, a deed of trust of Robert Patterson, together with two notes of said Patterson, secured by said deed, for $300 and $15 respectively, both to the order of said Mary C. Miles, said notes being dated July 7, 1871. In January, 1873, plaintiff Mary paid to defendant $57.50 on account of her note, and in July, 1873, she offered to pay balance due on the note, and demanded of defendant the surrender of the collateral, which was refused. On August 6, 1873, plaintiffs commenced a replevin suit in the Circuit Court to recover possession of the collateral note for $300, and on August 15, 1873, they commenced replevin before a justice of the peace to recover possession of the deed of trust and the note for $15. On September 2, 1873, judgment was entered in the replevin suit before the justice, against plaintiffs and their securities, for $85 and costs, which was satisfied on execution on March 4, 1874 ; and on March 10, 1874, judgment was rendered against plaintiffs in the replevin suit in the Circuit Court for $300 and costs. Defendant declining to receive the note of $300 and electing to take its value, execution was issued on this judgment, also, against plaintiffs and their sureties, and the money made. After the bringing of the replevin suits, plaintiffs tendered

to defendant the balance due on Mary C. Miles' note, and offered to dismiss both suits and pay costs; but the tender and the offer were refused. Plaintiffs further allege that defendant holds the sum of $385 and interest, collected on said two judgments, as collateral security for said balance of $32.25 due on Mary C. Miles' note; that they have repeatedly tendered said balance, and demanded the return of the $385 and interest, and defendant refuses to pay the same to them; and they ask judgment for the sum of $385 and interest, less $32.25 due on Mary C. Miles' note.

To this petition the defendant demurred, on the ground that it did not set forth facts sufficient to constitute a cause of action. The demurrer was sustained, and, plaintiffs refusing to plead further, final judgment was rendered on the demurrer. On appeal to the general term the judgment of the Circuit Court at special term was reversed and the cause remanded.

At the time of the commencement of the replevin suits mentioned in plaintiffs' petition they were not entitled to the return of the collateral, as the original debt remained unsatisfied. But the claim of plaintiffs is that defendant, having since that date recovered the value of the collaterals, has now become a trustee of plaintiffs for so much of the proceeds in his hands as remains after payment of the original debt.

At the time of the commencement of the replevin suits defendant had only a special interest, as against plaintiffs, in the notes and deed then sued for; that is, he had only a lien upon them for money due. Under these circumstances, defendant refusing to take back the property, as he had a right to do, and electing to take its value, judgment should have been rendered in his favor, not for the total value of the property, but only for the value of defendant's interest therein. *Dilworth* v. *McKelvy*, 30 Mo. 149. This prevents multiplicity of suits; and, had this been done in the present case, there would have been no necessity for this

action. It is now maintained by appellant that, inasmuch as judgment in the replevin suits was rendered for the total value of the property which had been wrongfully taken from the possession of plaintiffs, this was a determination of the question of title to the property; and that, plaintiffs not having appealed from that judgment, the question of title is now *res adjudicata*, and plaintiffs have no remedy.

But this is not so. A replevin suit does not determine the question of title, but the question of possession only. When the case is finally determined in favor of defendant, and he elects to take money instead of the specific. object of the possession of which he had been deprived, he holds the money by the same title which he had to the thing which has been changed into money. It would simplify matters much, where the thing claimed is something pledged as security for a debt, that he should recover in a money judgment only so much money as is really his; but, if judgment in replevin be rendered in his favor for the total value of the pledge which was unlawfully taken from his possession, the defendant still· holds the money as a security for his debt. He acquires no better title to it than he had before it was taken from him by the replevin suit; because in replevin the title to the property is not passed upon, but only the question of right to its possession. The question of ownership did not and could not come up in the replevin suit; and it may be, as is alleged by plaintiffs in the suit at bar, that the defendant holds this money, as he did the notes which it represents, as mere security for a debt. That question has not been determined in the replevin suit; it is not *res adjudicata*, and, if the facts stated in the petition are true, plaintiffs are entitled to the return of the residue remaining in defendant's hands after satisfying whatever may be due by them to him. Defendant cannot receive and retain the total value of the collaterals, if it should appear, as alleged, that that sum is about ten times the amount remaining unpaid on the original debt. ·

The judgment of the Circuit Court at general term, reversing the Circuit Court at special term, is affirmed and the cause remanded. All the judges concur.