## JOHN BARNHART, et al., v. LOUISA FORD, et al.

1. REPLEVIN; *Employés; Insufficient Defense.* Where three persons, acting together, wrongfully took possession of and deprived the owner of several stacks of oats, and in an action of replevin brought for the immediate possession of the property, all of the defendants filed an answer containing a general denial, *held*, that it is no defense for two of the parties that they acted merely as employés in the transaction, for the benefit of the third.

2. EVIDENCE—*Defense, Not Sufficient.* In an action of replevin to recover the immediate possession of certain stacks of oats, the plaintiff offered evidence tending to prove that she had sown and harvested the oats on land of which she had been in possession several years: *Held*, That in such an action the defendants had no right to show that the plaintiff had made a settlement and entry of the land for the benefit of her father, and therefore that her possession was fraudulent as against the government.

### *Error from Neosho District Court.*

REPLEVIN by *Ford* and another, against *Barnhart* and two others. Judgment for plaintiffs, at the April Term, 1885. The defendants bring the case here. The opinion states the material facts.

*John Hall,* for plaintiffs in error.

*Cox & Stratton,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Action by Louisa and W. C. Ford against John, Orin and Joel Barnhart for the immediate possession of one large stack of sheaf oats of the value of seventy dollars, one small stack of sheaf oats of the value of three dollars, and another small stack of sheaf oats of the value of two dollars. Joel and Orin Barnhart filed an answer containing a general denial. John Barnhart filed an answer containing a general denial, and also alleging that he was the owner of the oats described in the petition. To this the plaintiff filed a reply denying that he had any ownership or interest therein. Trial before the court, with a jury. Verdict for the plaintiffs that the defendants wrongfully detained the property from the possession of the plaintiffs, and assessing the value of the property at forty-five dollars. Judgment was rendered accordingly.

I. It is contended that neither Orin nor Joel Barnhart had the oats in their possession or under their control; therefore that Orin and Joel should have recovered their costs, and that the judgment against them should be reversed.

One of the witnesses testified that Joel, John and Orin Barnhart took the oats; that Joel employed one Mix to help take the oats, and that Joel and Orin assisted John to take them. The evidence also shows that when a demand was made upon Orin for the oats, he replied, "I won't if the rest don't;" that when Joel was asked to return the oats he came at the person with a chair, and said "he wanted him to go away." Laura Ford testified that she asked Joel, when she demanded the oats, if he could not say yes or no, and he said, "Go home." If the defendants below were not the owners of the oats, or entitled to possession thereof, this evidence was sufficient for the foundation of the verdict against Orin and Joel, as it appears that they acted in concert with John Barnhart in unlawfully depriving the owners of their possession of the oats. That they were acting merely as employés in the transaction for the benefit of John Barnhart,

does not exculpate them.   Again, when Orin and Joel were
sued jointly with John Barnhart, they did not disclaim, but
filed a general denial, and went to trial thereon.   (*Meixell v.
Kirkpatrick,* 33 Kas. 282; *K. P. Rly. Co. v. Montelle,* 10 id.
119; *Williams v. Townsend,* 15 id. 563.)

II.  It is urged that the court erred in excluding testimony·
to show that Laura Ford's possession of the land, where the
oats were grown, was not in good faith, but that she was merely
acting for her father in obtaining title from the government,
because he could not enter the land. (*Caldwell v. Custard,* 7
Kas. 303.)   The plaintiffs below offered evidence tending to
prove that Laura Ford took possession of the land in 1880,
and still continues in possession thereof; that her father, W.
C. Ford, sowed the oats on the land in the spring of 1884,
upon shares.   About eight acres of land were sown, and W.
C. Ford was to give his daughter one-third of the crop.   After
the oats were grown W. C. Ford harvested the same, and put
them in stacks.   John Barnhart attempted to take possession
of a part of the land in April, 1883, and with his·brothers,
Orin and Joel, hauled the stacks of oats away after they·were
harvested.   Before John Barnhart went upon the land, John
Porter was residing upon a portion of it.   At that time Laura
Ford had a house upon the premises, next to the creek and
near the school house.   At the time that Barnhart attempted
to take possession of the premises, he understood that Laura
Ford was claiming the land.   Soon after he went there, he also
heard that the land office had decided adversely to John Por-
ter and in favor of Laura Ford's right to the claim.   Porter
turned over the premises to John Barnhart without any con-
sideration.

The court properly rejected the evidence tending to show
that the settlement or entry of Laura Ford was for the benefit
of her father.   The controversy in the case was not as to the
title of the land, but simply as to the possession thereof, and
as to the ownership of the oats.   The defendants below could
not contest the right of Laura Ford to enter the land in this
action.

As to the alleged misconduct of counsel in arguing the case to the jury, it is sufficient to say that the attention of the trial court was not called to any objectionable remarks at the time they were made. (*Baughman v. Penn*, 33 Kas. 504.)

We have considered the other errors alleged, but find nothing in the record prejudicial to the rights of the parties complaining. Therefore the judgment of the district court will be affirmed.

All the Justices concurring.