## JOHN BARNHART V. LAURA FORD.

1. PUBLIC LANDS — *Qualified Pre-emptor.* Testimony that a person has been accepted by the United States land officers as a qualified pre-emptor, or as one entitled to enter public lands, is *prima facie* proof of such qualification.

2. RECEIPT FOR FEES, *Admissible Evidence.* The receipt for the officers' fees for filing a declaratory statement made by a settler on government land, and a certificate of the filing, given by the register and receiver of the United States land office, are admissible in evidence in an action involving the rightful and exclusive possession of the land filed upon, to show the good faith and the character of the possession of the claimant.

3. COPY, *Duly Certified — Assumption.* A statement in the record that a copy of a decision made by the United States land officers which was admitted in evidence was duly certified, warrants this court in assuming that it was certified in the manner required by law to make it admissible in evidence.

4. ――――― The testimony examined, and *held* to be sufficient to sustain the verdict and judgment.

### *Error from Bourbon District Court.*

REPLEVIN. Judgment for plaintiff *Ford,* on January 7, 1886. The defendant *Barnhart* brings the case here. The opinion states the facts.

*John Hall,* for plaintiff in error.

*Cox & Stratton,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Laura Ford brought this action against the plaintiff in error and two others, to recover the possession of a number of shocks of wheat, valued at $160, and also to recover $10 as damages for the wrongful detention of the same. The wheat was grown upon a tract of government land, the possession of which was claimed by both of the parties, and is the same land upon which the oats grew that were in controversy in *Barnhart v. Ford,* 37 Kas. 520, an action very

similar to the present one, in which the issues were determined in favor of Laura Ford, as they have been in the present case.

From the record it appears that in 1880 Laura Ford in good faith took the initiatory steps to obtain a title to the land by making settlement and improvements thereon, and by filing a declaratory statement, and paying the officers' fees therefor, and she has continued to reside on the land and cultivate the same ever since that time. After she became a settler upon the land, one John Porter undertook to take possession of the same, and contested the right of Laura Ford to hold possession of or enter the land at the land office; but this contest was decided adversely to Porter on April 9, 1883. Shortly after this decision, Barnhart purchased some improvements which Porter had made upon the land, and with Porter's consent attempted to occupy the land, and on June 6, 1883, Barnhart filed a declaratory statement, alleging settlement on April 23, 1883; but as to this the jury found that he did not go upon the land in good faith, with the intention of residing upon it permanently and of purchasing it of the United States. The United States land officers have decided in favor of Laura Ford, and have allowed her entry of the land, although an appeal from the decision has been taken, which it is understood is still pending, and the jury in the present case have also found that she is entitled to the exclusive possession of the property, and therefore awarded her the wheat in controversy.

An objection is raised that it was not shown that Laura Ford was a qualified preëmptor under the law, and it is claimed that the finding of the jury that she was a single person and a citizen of the United States, is without support. Testimony was submitted to the jury showing that she was accepted by the United States land officers as one duly qualified to settle upon and purchase land; and these officers are invested with authority to determine this question. This was *prima facie* evidence of her qualification as a preëmptor; and that she was entitled under the law to enter government land

was not disputed at the trial.    The receiver's receipt for $2, as the fees for filing the declaratory statement, and the register's certificate that it was filed, a paper given by these officers to Laura Ford, and dated September 22, 1880, was receivable in evidence.    No objection was made as to the identity or genuineness of the paper, and if it had been objected to, the preliminary proof might have been forthcoming.    The paper was not received in evidence to show title, but the filing of the statement and the payment of the fees being contemporaneous with her settlement and possession, it was received to show her good faith and the nature and character of her possession. The same kind of testimony was offered by and received in behalf of the plaintiff in error.    No error was committed by the court in admitting it. (*Stout v. Hyatt*, 13 Kas. 232.)

Another objection is made to the reception of a decision of a contest between these parties with respect to this land by the local land officers, and which had been forwarded in course to the general land office.    The following is the decision :

"JANUARY 7, 1884.— *Laura Ford v. John Barnhart.*—The above cause was heard October 24, 1883.    This is an old case, and has been decided by the department several times.    The last time it was before you it was *Ford v. Porter,* and you decided in favor of plaintiff.    After the receipt of your decision of June 21, 1883, allowing Miss Ford to enter the land, before she could perfect the entry, defendant John Barnhart, a son of Jos. Barnhart, filed, thereby preventing Miss Ford's entry.

"The evidence shows that Miss Ford, the plaintiff, is a single lady; that she settled on the land in August, 1880, and has good and lasting improvements; that she is a poor girl, and works away from home to save money to improve her claim, but has had no other home but this, and has done all she could under the circumstances to improve her claim and make a home for herself.

"The defendant settled on the land April 23, and filed June 6, 1883, and has built a house fourteen by sixteen, one story high.

"He moved into his house about May 1st, and has made a continuous residence; and that he is a qualified preëmptor.

"The defendant swears that he obtained permission to take the claim from the former defendant, Porter; but at that time you had decided Porter had no right, and had canceled his filing. So he clearly had no right to either sell or give away. We are of opinion that plaintiff ought to be allowed to enter the land.          M. J. SALTER, *Register*.
                              H. M. WATERS, *Receiver*."

This paper bears upon its face the evidence of its competency. It is true that no certificate is attached to the copy introduced, but there is a statement accompanying it in the record made by the court that it was duly certified to be a true copy of the original decision. From this we must assume that it was certified as the law requires to make it admissible in evidence; and when so certified it was competent proof. (Civil Code, § 384.) A copy of the decision of the commissioner of the general land office respecting the rights of these parties to the land for which they were contesting was admitted over the objection of the plaintiff in error. There is a like statement that it was duly certified, and it will be so regarded. It was made November 2, 1885, after the action was begun, but the facts found and stated therein related only to that which had occurred before the commencement of the action. He was a competent officer to examine and decide upon these facts, which were submitted at a hearing on a contest between the parties with reference to their right of possession and right to purchase the land from the United States. He found in favor of Ford and against Barnhart, and the facts found and stated by him are in keeping with what the whole record discloses. This decision and a duplicate receiver's receipt admitted were dated a short time after the commencement of the action, but no rights were claimed under any after occurrences, and the court in its charge confined the inquiry to the facts as they existed before the commencement of the action, and further expressly directed the jury that they were not to decide from the mere fact that the plaintiff had obtained the final receipt for the land that she owned it at the time of the commencement of the action. No prejudice could have resulted to the plaintiff in error from the introduction

of these papers. The charge, although somewhat criticised, fairly submitted the case to the jury, and the testimony and record abundantly show that she was entitled to the exclusive possession of the land, and therefore entitled to the crops growing thereon.

We think no substantial error was committed during the trial, and that the judgment should be affirmed.

All the Justices concurring.