THE STANDARD FOUNDRY COMPANY, Appellant, v. STEPHEN SCHLOSS, Respondent.

St. Louis Court of Appeals, January 13, 1891.

1. **Justices of the Peace:** REPLEVIN : ADMISSIBILITY OF JUDGMENT AS EVIDENCE IN ANOTHER CAUSE.  The action of replevin before a justice of the peace is purely statutory.  The plaintiff is bound to describe in his statement the article claimed by him ; the judgment can affect only the property thus described, and the justice can acquire no jurisdiction over a different article taken by the constable.  *Held*, accordingly, that, where such statement and judgment described one article, and another article, which did not answer such description, was taken by the constable under the

order of delivery, the judgment could not, in another suit between the same parties, be treated as an adjudication with respect to the latter article upon extrinsic evidence that the latter article was the one for which the proceedings in replevin were intended.

2. **Replevin:** JUDGMENT AGAINST BAILEE: ADMISSIBILITY AGAINST BAILOR. The fact that a judgment in an action of replevin was rendered against the bailee of the article in controversy does not make the judgment conclusive on the bailor.

3. **Sale:** CONTRACT IN WRITING : ORAL EVIDENCE. A written contract or memorandum of sale, embodying the entire contract, described the subject-matter of sale as "a saw table and arbor," which was the recognized name of a specific article, and the order of delivery, given by the vendor to the vendee, described the article sold and to be delivered by the same name. *Held*, in an action at law between the purchaser and one claiming under the vendor, that oral evidence tending to show that the subject–matter of the sale was "a jointing machine," which was the distinctive name of another well-known article, was inadmissible to vary the purport of said writing.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*Seddon & Blair*, for appellant.

(1) In giving instruction, numbered 2, for defendant, on the court's own motion, and in refusing instructions, numbered 2 and 5, asked by the plaintiff, the court violated the principle that, where two parties make a contract of sale and commit their intentions in reference thereto to writing, neither can contradict it by parol evidence of a contrary intent. *Koehring v. Muemminghoff*, 61 Mo. 403; *County v. Wood*, 84 Mo. 489; 2 Parsons on Contracts [7 Ed.] 557 (note E), 564; *Fruin v. Crystal*, 89 Mo. 397; *King v. Frank*, 51 Mo. 209. (2) The court in giving instruction, numbered 1, for the defendant, and in refusing instructions 1, 3 and 4 asked by the plaintiff, declared that a judgment may be contradicted in its statement of the issue involved,

and be used as *res adjudicata* when so contradicted. (3) There was no evidence to base any instruction upon, on the theory that the judgment read in evidence was as *res adjudicata* a bar to the suit.

*W. E. Fisse*, for respondent.

ROMBAUER, P. J.—This is an action for the conversion of part of a "jointing machine." Both plaintiff and defendant claim title under the "Iron and Metal Company," and the evidence concedes that the plaintiff had complete title to the article at the date of its partial conversion, unless the defendant bought it from the common vendor prior to the plaintiff's purchase, or unless the plaintiff is concluded by the record of a former suit.

For the purposes of establishing those defenses, the defendant gave evidence tending to show that he bought the article in controversy at a trustee's sale of the vendor's property prior to plaintiff's purchase; that this sale was conducted at public outcry, and, although the article was named in the trustee's advertisement as a "saw-table and arbor," and was offered for sale as a saw-table or machine, yet the vendor's agents pointed out to him the "jointing machine" as the article sold by that designation. The defendant also gave evidence tending to show that, after the sale, the plaintiff removed "the jointing machine" from the premises where it was sold, and stored it with the Pacific Warehouse Company; that, thereupon, the defendant brought a suit of replevin against the plaintiff and the Warehouse Company for "*one saw-table and arbor*," and on that writ took from the Warehouse Company the "*jointing machine;*" that in that suit such proceedings were had that it was dismissed against the present plaintiff, and judgment was rendered in favor of the present defendant against the Warehouse Company for possession of "*one saw-table and arbor*." The defendant claims that the property involved in that litigation

was the same which is involved in the present litigation, and, hence, that such judgment was a bar to the present proceeding. The cause was tried by a jury, and the trial resulted in a verdict and judgment for defendant. The plaintiff, appealing, assigns for error the rulings of the court on the evidence and instructions.

There is no evidence in the case, that " saw-table and arbor" and " jointing machine" are interchangeable names for one and the same article ; nor that they are not well known by the terms employed to designate them respectively. Whatever evidence there is on the subject tends to show that the only thing they have in common is that they are both machinery. A jointing machine is constructed entirely of iron, and weighs from five to six tons ; a saw-table is constructed entirely of wood and its weight is insignificant. The uncontroverted evidence shows that the value of the article in controversy is above $30, and that the only memorandum of a sale made to the defendant, and under which he necessarily claims title, is the following entry made by the seller: " One saw-table and arbor, sold to S. Schloss, $36." It is also conceded that the seller, after the sale and upon the payment of the purchase money, gave an order to the defendant upon the party in charge of the premises in the following words: " Please deliver to Stephen Schloss, one iron fan, one cupola, one *saw-table and arbor*," and that the article in controversy is not claimed by the defendant to be either an iron fan or a cupola.

The first error complained of is the admission of the papers in the replevin suit, as evidence of a former recovery by the defendant in the present suit.

At the time of the introduction and reading of each of said papers, including said judgment, in evidence, the plaintiff objected thereto on the ground that, on the face of said paper and on the face of the record of said suit of which said paper purported to be a part, it appeared that the subject matter of said paper, and the

subject-matter, sought to be recovered in said suit and described therein, was described as a saw-table and arbor, and not as a jointing machine; and that there was no evidence introduced in this suit that said names were identical in designation; that the judgment of Justice Byron read in evidence purported to be for the recovery of a saw-table and arbor by name and not a jointing machine by name, and that there was no evidence that said names were usually or *ever* used interchangeably to identify the same object; and, furthermore, that there was no evidence of the identity of the subject-matter of said suit with that of the suit at bar; and, furthermore, that the judgment of Justice Byron was in terms rendered against the Pacific Warehouse Company after the Standard Foundry Company had been dismissed from the suit; that there is no judgment against the Standard Foundry Company, and no evidence was introduced to show that the plaintiff was privy to said judgment or ought to be bound thereby. These objections the court overruled, and the plaintiff excepted and still excepts.

The action of replevin before a justice is purely statutory. The plaintiff is bound to describe in his statement the article claimed by him, and, although the proceeding is *in rem*, the judgment can affect only the property described in the statement, and the justice can acquire no jurisdiction over a different article than the one described, notwithstanding that the constable may have taken such different article under the order of delivery. To illustrate: If the plaintiff claims in his statement a bay mare of the value of $50, and the constable takes upon the writ a black stallion of the value of $500, whereupon the justice renders a judgment for the plaintiff for the possession of the bay mare, it could not be contended that the defendant was estopped by the judgment from questioning the plaintiff's title to the black stallion.

Now, in the case at bar, Schloss sued the Warehouse Company before the justice for the possession of a saw-table and arbor. The constable took a jointing machine under the writ, and the justice rendered judgment in favor of Schloss for the possession of a saw-table and arbor. If the two articles were essentially different, that judgment could in no way affect the title of the present plaintiff to the jointing machine, even if the plaintiff were a party to the record.

But it further appeared that the plaintiff was not a party to the record. That the judgment was rendered against its bailee, that is, against one who presumably claimed under the plaintiff, does not make it conclusive on the plaintiff. A judgment against the bailor is conclusive on the bailee, but not *vice versa*, in a case like this. The plaintiff here claims no rights under the party, against whom the judgment was rendered, nor is any right claimed by such party against the plaintiff. We, therefore, conclude that the court committed error by admitting the record of the judgment in evidence. Since a replevin suit does not determine the question of title but the question of possession only, it has been held that a judgment in such a suit is not conclusive as to the title even between the parties themselves. *Miller v. Walther*, 3 Mo. App. 99.

It results from the foregoing that the court also erred in refusing the following instruction asked by the plaintiff:

"The court instructs the jury that, under the evidence, the judgment of Justice Byron is not a bar to this suit." And in giving the following instruction on behalf of the defendant:

"The jury are instructed that, if they believe from the evidence that the defendant Schloss heretofore instituted an action of replevin before a justice of the peace to recover the machine in question in this case against the plaintiff, and the Pacific Warehouse Company, and under the writ in such action took said

machine out of the possession of the said Pacific Warehouse Company, and that subsequently the defendant recovered a judgment in his favor in said action against said Pacific Warehouse Company, and that said judgment was never appealed from; and if they further believe from the evidence that the machine designated 'saw-table and arbor,' which was the subject of action in said replevin suit, is the same machine as is in question in this case, then the jury will find in favor of the defendant, even though they also find that said replevin suit was dismissed as to the plaintiff, the Standard Foundry Company, before judgment in said case; provided they further believe from the evidence that said Pacific Warehouse Company had said property only as ·bailee or agent for the plaintiff, and did not claim any other title thereto independently of the plaintiff, and that the plaintiff undertook to defend said replevin suit as well for said Pacific Warehouse Company as itself, and did manage and control the defense thereto."

The next error claimed by the plaintiff is the refusal of this instruction asked:

"It being admitted by the defendant that the bill of sale given to Schloss, and accepted by him, of the articles purchased by him, described 'a saw-table and arbor,' and not 'a jointing machine,' as one of the articles so purchased, the·jury are instructed that, if they believe there were two articles mentioned in the mortgage to be sold and on the premises at the sale, and that they were entirely distinct things, each known by its distinctive name, one as 'a saw-table and arbor,' and the other as 'a jointing machine,' then the said bill of sale is conclusive in this suit as to what Schloss did buy at said sale, and they will find for the plaintiff, if they believe the defendant did break and carry off parts of the machine described in the plaintiff's complaint, and the same have never been returned to plaintiff, unless you believe that the judgment of Justice.

Byron, under the evidence and instructions, is a bar to a recovery in this suit."

And the giving of the following instruction by the court of its own motion:

"If the jury believe from the evidence that, at the sale made on December 21, 1888, the machine in question in this case was pointed out as the machine which was being sold under the description of 'a saw-table,' or 'saw-table with arbor,' and that such designation was either authorized by or acquiesced in by Mr. Silas B. Jones and Mr. James L. Blair, and the bidders at said sale were bidding on the machine in question in this case under the designation of 'a saw-table,' or 'a saw-table with arbor,' and that both Mr. Silas B. Jones and Mr. James L. Blair knew that such was the fact and either authorized or acquiesced therein; and if you further believe from the evidence that the machine in question in this case was, under such circumstances, bought by the defendant Schloss under said designation, then your verdict should be for the defendant."

It will be seen by this that the court declined to declare as asked to do, that the description of the article in the writing, provided it was that of an article well known by a distinctive name, was conclusive on the question of its identity, but left it to the jury to determine what the article sold actually was, upon oral evidence, and the acts of the parties manifesting their intention. This was also error. There was no ambiguity in the writings, so as to call for an explanation by parol evidence, nor can it be claimed that the entire contract was not reduced to writing, as the writings purported to describe every article which the defendant bought. The claim of the defendant, if we understand it correctly, is that the written contract did not correctly express what the parties had orally agreed upon. Now it must be remembered that the value of the article was over $30, and that the sale was within the statute. There was no delivery at the time of the sale, but there

was a written memorandum stating that it was the sale of "one saw-table and arbor." When the money was paid, there is no pretense that it was paid for "one jointing machine." The vendee received and accepted an order for the delivery of the article, designating it as one "saw-table and arbor." The tenant of the warehouse, upon whom the order was given, had no authority to deliver anything else, nor did he in fact deliver anything else. As there was neither a memorandum of anything else, nor payment for anything else, nor delivery of anything else, we cannot see how there was any valid sale of a jointing machine to the defendant, unless the court and jury can, upon oral evidence, strike out of the memorandum the description of a well-known article, and insert in lieu thereof the description of another.

The defendant and some of his witnesses testify that the machine on which the bidding was made, when the defendant bought, was the jointing machine, and that that machine had been pointed out by the trustee selling, or by the representative of the beneficiary, as the machine offered for sale. On the other hand, the representative, who made the memorandum, is positive that, when he wrote down one "saw-table and arbor," he did not put those words down by mistake, as he had sold both the articles before, knew the difference between the two full well, and never intended to make a memorandum of a jointing machine then sold.

The parties to this suit claim under a common vendor. If there was no valid sale against the vendor, there was no valid sale against the plaintiff who claims under him. The plaintiff's title is conceded, provided the vendor had, at the date of the sale, any title to convey. The plaintiff, therefore, is not, as defendant's counsel claims, a stranger, but one claiming by privity of title, and the writing cannot be varied, or contradicted by oral evidence against it, any more than against its vendor.

There is nothing in the language used by either of the two judges of this court in the case of *Bassett v. Glover*, 31 Mo. App. 150 ( which case is cited by both counsel in this case ), militating against anything hereinabove said. At the same time it is proper to call attention of counsel to the fact, that the two judges participating in the decision of that case concurred only in the result arrived at, and that the language employed by neither of the judges in their respective opinions is the language of the court.

Judgment reversed and cause remanded. All concur.