MRS. SUSIE PECK, *Appellee,* v. THE MERCHANTS' TRANSFER AND STORAGE COMPANY of Topeka *et. al., Appellants.*

No. 17,130.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Designation of Defendant "Company" Not Specific—Waiver.* Where a defendant is designated in the petition as a "company," and in its answer describes itself by the same designation, a judgment against it will not be reversed on the ground that the record nowhere shows whether it is a partnership, a corporation or an individual doing business in that name.

2. CONVERSION—*Warehouseman—Refusal to Deliver Goods on Demand—Liability.* The proprietor of a warehouse is liable, in an action of replevin, to the true owner of goods stored

with him by some one else, where he has refused to deliver them on such owner's demand, notwithstanding he has asserted no claim upon them in his own right.

3. JUDGMENTS—*Replevin—Consignor Not Bound.* The consignor of goods which are replevined while in transit is not bound by a judgment against the carrier, although he has notice of the litigation, where he is not a party and takes no part in the proceedings.

Appeal from Shawnee district court. Opinion filed June 10, 1911. Affirmed.

*E. L. Hotchkiss, A. M. Harvey,* and *J. E. Addington,* for the appellants.

*H. W. Page,* for the appellee.

The opinion of the court was delivered by

MASON, J.: Susie Peck shipped a quantity of household goods from a point in Oklahoma to Topeka. An Oklahoma bank replevined them from the railroad company, asserting title under a chattel mortgage executed by her husband. The sheriff took the goods under a writ and placed them in the storage rooms of the Merchants' Transfer and Storage Company. A few days later he notified that company that he had delivered the goods to the attorney for the bank, and directed the company to hold them subject to the order of such attorney. Mrs. Peck then brought an action against the storage company and C. D. Skinner, claiming to be the owner of the goods, and asking for their return, but procuring no order of delivery. It was shown at the trial that the storage company had refused to deliver the goods to the plaintiff on demand, and after the bringing of the action had shipped them to the Oklahoma bank, by direction of the bank's attorney. The plaintiff recovered a judgment for the return of the property, or its value, and the defendants appeal.

The contention was made that there was no evidence connecting Skinner with the transaction. His con-

nection with the storage company was not distinctly
stated, but that he was acting as its representative suf-
ficiently appeared from the testimony of its superin-
tendent, who spoke as though Skinner and the company
were substantially the same, and said that the written
notice given by the bank's attorney to the company, di-
recting the disposition of the goods, was delivered to
Skinner.

There is nothing in the record to show whether the
Merchants' Transfer and Storage Company is a cor-
poration, a partnership, or the name under which an
individual does business.   The claim is made that un-
der these circumstances a judgment could not properly
be rendered against it.   It was sued in that name and
filed an answer in that name.   It can not now take any
advantage of the indefiniteness of the designation, hav-
ing participated in the trial without question or ob-
jection on that account.

The defendants claim that at the commencement of
the action the property was not in their possession, but
in that of the bank's attorney, who held it in their ware-
house—that they assumed no responsibility for it, and
exercised no control over it on their own account.   The
evidence, however, justified a finding that they had the
actual physical possession of the property, and if that
was the case it was the privilege of the plaintiff to bring
her action against them.   (34 Cyc. 1401, 1402; 24 A. &
E. Encycl. of L. 506.)   As they did not disclaim, but
filed a general denial, and went to trial thereon, they
can not complain of being held responsible to the plain-
tiff.   (*Barnhart v. Ford,* 37 Kan. 520.)   They might
have protected themselves by an offer under the statute
(Civ. Code, § 42) to dispose of the property as the court
might direct, but by electing to deliver it to one of the
claimants they assumed the risk of being held liable
to the other.   (*Railway Co. v. Jordon,* 67 Kan. 86; 12
L. R. A., n. s., 254, note.)

The defendants also claim that the plaintiff is

Peck v. Transfer Co.

concluded by the first replevin action, which resulted in a judgment in favor of the bank. We do not think Mrs. Peck was obliged to litigate her claim in that case, or that she is in privity with the railroad company. The right she asserts is in no way derived from it. A judgment against a bailor may bind a bailee who has no interest in the property except in that capacity. (*Hughes v. U. P. Lines,* 119 N. Y. 423.) "A judgment against the bailor is conclusive on the bailee, but not *vice versa.*" (*The Standard Foundry Co. v. Schloss,* 43 Mo. App. 304, 309.) There is no reason why a claimant of property in his own right should be bound by a judgment against one to whom he has intrusted it, although he knew of the litigation, so long as he was not a party and took no part in the proceedings.

Complaint is made of an instruction to the effect that the plaintiff was entitled to recover if the evidence showed that she owned the property in controversy, and made a demand upon the defendants for it before the action was brought. The omission of the court to state in express terms that the plaintiff was required to prove that the defendants had possession of the property, and withheld it from her, has the appearance of an oversight, which would have been corrected as a matter of course if attention had been called to it. The charge was given orally and no request is shown to have been made for any change. The jury were told that the plaintiff alleged that the defendants wrongfully kept her out of the possession of the property and refused to deliver it after a proper demand. There seems no reasonable likelihood that they were misled by the want of a more complete statement. Moreover there was no substantial dispute about the defendants having had such possession of the property as the proprietors of warehouses ordinarily have of goods stored with them. Whether such possession rendered them

9—85 KAN.

answerable to the owner is a question of law. The controversy as to the facts involved a number of matters, which were properly submitted to the jury.

The judgment is affirmed.

BENSON, J., not sitting.