GEORGE V. McKEEVER v. W. S. BUKER, *doing business as The Farmers' Mutual Telephone Company, et al.*

No: 16,031.

SYLLABUS BY THE COURT.

PETITION—*Injunction.* A petition in injunction which alleges that the plaintiff has no adequate remedy at law and will suffer irreparable injury if the injunction be denied, and which states no facts from which these conclusions reasonably follow, fails to state facts sufficient to constitute a cause of action in such a case.

Error from Jefferson district court; MARSHALL GEP-HART, judge. Opinion filed May 8, 1909. Reversed.

STATEMENT.

W. S. BUKER (under the name of the Farmers' Mutual Telephone Company) and a number of officers and members of the Blue Mound Mutual Telephone Company brought this suit for an injunction against George McKeever. Schuyler Spurlock was also made a defend-

ant, for the reason only that he was a member of the Blue Mound company and refused to join as a plaintiff, and afterward he filed a disclaimer in the suit.

It appears that Buker operates a telephone exchange in the city of Valley Falls. In this exchange he maintains a switch-board which he has connected with several telephone lines, including the line of the Blue Mound company, and for pay connects his patrons on the various lines with others on the same or different lines with whom they may wish to converse.

The Blue Mound company erected a telephone line from the boundary of Valley Falls extending several miles into the country and within about half a mile from the defendant's house. Buker connected his exchange with this line at the boundary of the town, and the defendant, for a consideration paid by him and with the consent of the Blue Mound company, erected a line connecting his dwelling with the line of the Blue Mound company. It is expressly stated that the defendant was not a member of the Blue Mound company. He also paid Buker for switching, as did the members of the Blue Mound company. The defendant bought, and had placed in his residence, a telephone instrument. He also had his dwelling connected with another telephone line, belonging to the Independent Telephone Company. Instead of installing another telephone instrument to converse over the line of the Independent Telephone Company he purchased and installed what is called a switch, by which he could disconnect his telephone from the Blue Mound company's line and connect it with the Independent company's line, and vice versa. At the outset of the trial the defendant moved for judgment on the pleadings, and his motion was denied, as was also his motion for a new trial.

*Edwin D. McKeever*, and *W. O. Worswick*, for the plaintiff in error.

*H. N. Casebier*, for the defendants in error.

The opinion of the court was delivered by

SMITH, J.: The petition, after reciting substantially the facts stated, avers that the plaintiffs had objected to the defendant's maintaining the switch and notified him to remove the same; that upon his refusal so to do they had disconnected his line from the line of the Blue Mound company, and that he had thereafter re-attached the same. Their ground for injunction is embraced substantially in the following paragraph:

"Plaintiffs further aver that they have no adequate remedy at law, and that they suffer great annoyance and inconvenience by reason of the said defendant's connecting his individual telephone with another telephone company's line, switch-board and exchange, while being connected with the line, switch-board and exchange of the Farmers' Mutual Telephone Company, and that said plaintiffs will suffer irreparable injury if said defendant is permitted to keep his said individual telephone so connected with the two said telephone companies as hereinbefore alleged."

The defendant contends that the petition does not state facts sufficient to sustain a cause of action. Section 87 of the civil code provides:

"The petition must contain, . . . second, a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

Injunction is an extraordinary remedy, and is granted only where it appears that the plaintiff has no adequate remedy at law and if the defendant be not restrained from committing the wrong the plaintiff will suffer irreparable injury. Applying the requirements of the code to this special requirement, a petition to be sufficient must state facts which show that the plaintiff has no adequate remedy at law and if the injunction be denied he will suffer irreparable injury. This petition merely pleads the bald conclusions, unless it be that the allegation that they will suffer great annoyance and inconvenience be an allegation of spe-

cific facts; but this allegation seems to be almost equally a conclusion. These allegations are formal, and are properly used when pleaded in connection with facts which, taken as true, would constitute annoyance, inconvenience or irreparable injury. There is no allegation in this petition, however, that the line of the Blue Mound company was by the defendant at any time connected with the line of the Independent company. We think the petition fails to state a cause of action in injunction, and the demurrer thereto should have been sustained.

It is also contended that the evidence was insufficient to sustain the judgment in favor of the plaintiffs, but we need not discuss this if, as we have concluded, the petition was insufficient and error was committed in denying the motion for judgment on the pleadings.

We have not been favored with any brief on the part of the defendants in error, and heard only a brief oral argument on their behalf. Such an argument, disconnected with any brief, is, to a court unfamiliar with the facts and after days spent in hearing other cases, consultating thereon, and deciding the same, of little assistance.

The case is remanded, with instructions to set aside the judgment and to proceed in accordance with the views herein expressed.