No. 19,942.

EMILY J. WELLS, *Appellant*, v. MATILDA HANSEN et al., *Appellees*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Principal and Agent—Agent Repairing Sidewalk—Liability for Agent's Negligence—Pleadings.* A cause of action against an agent for the renting of real property is stated in a petition which alleges that the agent contracted at the time of renting the property to repair a walk thereon; that afterward, being requested by the tenant to repair the walk, the agent employed a man to do the work whom he knew to be careless, negligent, and incompetent; that after some repairs had been made the agent informed the plaintiff, wife of the tenant, that the walk had been inspected and repaired and was all right and safe for her use, although after being repaired the walk was

in a dangerous and unsafe condition; and that the dangerous condition of the walk caused her to fall and break her arm.

2. SAME—*Agent's Misfeasance—Cause of Action Stated.* In such a case a cause of action is stated against the workman; where the petition alleges that the workman employed to make the repairs, after making some repairs, informed the plaintiff, the tenant's wife, that the walk had been inspected and repaired and was all right and safe for her use; alleges that the walk after being repaired was in a dangerous and unsafe condition; and that the plaintiff was injured by reason of the defect in the walk.

3. PLEADINGS—*Amended Petition—Venue.* A petition which fails to state a cause of action may be amended so as to make it state a cause of action, although some of the defendants may not be residents of the county in which the petition is filed and may be attacking the jurisdiction of the court because of such nonresidence.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed February 12, 1916. Reversed.

*Thomas A. Pollock, David F. Carson,* and *James T. Cochran,* all of Kansas City, for the appellant.

*William T. Jamison, J. G. Hutchison, M. J. Ostergard,* all of Kansas City, Mo., and *Thomas J. White,* of Kansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action the sufficiency of the petition and the jurisdiction of the court are attacked. During the times mentioned in the pleadings, defendants J. R. Richey and Thomas Kent were residents of Wyandotte county and defendants Matilda Hansen and Nels Hansen were residents of Johnson county.

December 21, 1912, the plaintiff filed her petition in the Wyandotte county district court and caused summons to be served on the Hansens in Johnson county on December 23, 1912. January 17, 1913, defendants Hansen appeared specially and moved the court to set aside the service of summons on them on the ground that they were served in Johnson county; that defendants J. R. Richey and Thomas Kent had no interest in the subject matter of the action; that judgment could not be rendered against them, and that they had been made parties to give to the court color of jurisdiction so that

summons might appear to be properly made on defendants Hansen. This motion was denied February 15, 1913. February 19, 1913, defendants Hansen filed a plea in abatement, setting out the same grounds as in the motion. May 10, 1913, this plea, on the motion of the plaintiff, was stricken from the files. March 15, 1913, the plaintiff filed an amended petition. May 14, 1913, defendants Hansen filed their answer to the plaintiff's petition, attacking the jurisdiction of the court and alleging the same matters set out in their motion. May 16, 1913, the plaintiff filed her demurrer to the answer of defendants Hansen. This demurrer was overruled April 4, 1914. The plaintiff filed no further pleading to this answer. March 15, 1914, defendants Richey and Kent filed separate demurrers to the amended petition. These demurrers were sustained July 25, 1914. December 18, 1914, judgment on the demurrers was rendered in favor of defendants Richey and Kent, and the action was dismissed as to defendants Hansen. The plaintiff appeals from the judgment in favor of defendants Richey and Kent and from the judgment dismissing the action as to defendants Hansen.

The amended petition in substance alleges that defendants Hansen were the owners of certain real property in Wyandotte county; that defendant Richey was their agent for the real property and had authority to make repairs, including repairs of walks, and received as compensation for his services a percentage of the rents collected by him; that the plaintiff's husband leased the property from defendants Richey and Hansen for a residence for himself and family and so occupied it; that defendant Richey, at the time of leasing the property, and as a part of the contract, agreed to repair a walk thereon; that after entering on the property the plaintiff and her husband requested defendants Richey and Hansen to inspect and repair the walk; that defendants Richey and Hansen undertook to repair the walk and employed defendant Kent to do the work; that Kent was not a competent person to repair the walk; that he was careless and negligent in repairing and inspecting the walk; that defendants Richey and Hansen knew that Kent was a careless, negligent and incompetent workman; that defendant Kent undertook to make the repairs, but left the walk in a dangerous and unsafe condition;

that the defendants said to and informed the plaintiff that the walk had been inspected and repaired and was all right and safe for the plaintiff's use; that the defendants knew, or by the exercise of care could and should have known, that the walk had not been placed in a safe condition; that afterward the plaintiff, by reason of the defective condition of the walk, fell and broke her arm; and that she was damaged in the sum of $3000.

Three questions are presented for consideration: first, did the amended petition state a cause of action against defendant Richey? second, did it state a cause of action against defendant Kent? and third, did the court have jurisdiction of defendants Hansen?

1. The petition charges specific misconduct on the part of defendant Richey, in employing a workman whom he knew to be careless, negligent and incompetent to make the repairs; and in informing the plaintiff, after the work was done, that the walk had been inspected and repaired and was all right and safe for her use, although, after being repaired, the walk was in a dangerous and unsafe condition. Does the fact that Richey was the agent of defendants Hansen excuse him from liability for injuries sustained by reason of the defective repairs? In *Dowell v. Railway Co.*, 83 Kan. 562, 112 Pac. 136, this court said:

"The contention is that no cause of action was stated against Johnson. . . . It is argued that Johnson, being the agent and servant of the railway company, is not liable for mere acts of nonfeasance, and this appears to be based on the theory that agents are responsible only to their principals, and while they may be held for misfeasance, they are not liable to third parties for mere omission of duty. This contention overlooks the theory that a servant owes duties to third persons as well as to his master. A servant or employee of a corporation can not well escape liability for the nonperformance of a duty which he owes to an injured third party. The distinctions between liabilities of agents and servants for acts of nonfeasance and misfeasance, as well as their liability for the omission of their duties to persons other than their principals and masters, are fully discussed and the authorities cited in case notes appended to *Mayer v. Thompson-Hutchison Building Co.*, 28 L. R. A. 433, *Ward v. Pullman Co.*, 25 L. R. A., n. s., 343, and *Hagerty v. Montana Ore Pur. Co. et al.*, 25 L. R. A., n. s., 356." (p. 565.)

The authorities hold that an agent is liable for his mis-

feasance. (2 C. J. 826.) In *Schlosser v. Great Northern R. Co.*, 20 N. Dak. 406, 127 N. W. 502, the court said:

"Where an agent is guilty of misfeasance, that is, where he has actually entered upon the performance of his duties to his principal, and in doing so fails to respect the rights of others, by doing some wrong, as where he fails or neglects to use reasonable care and diligence in the performance of his duties, he will be personally responsible to a third person who is injured by reason of his misfeasance. An agent's liability in such cases is not based upon the ground of his agency, but on the ground that he is a wrongdoer, and as such, is responsible for any injury he may cause." (p. 411.)

## What is meant by "misfeasance"?

" ' "Misfeasance" is the improper doing of an act which a person might lawfully do.' It is a failure to use, in the performance of a duty owing to an individual, that degree of care, skill, and diligence which the circumstances of the case reasonably demanded. *State, to Use of Cardin, v. McClellan*, 113 Tenn. 616, 85 S. W. 267, 268, 3 Ann. Cas. 992." (3 Words & Phrases, 2d Series, p. 409.)

"A 'misfeasance' is the failure to do something imposed upon the person by law as a reasonable member of society, or the failure to use reasonable care and diligence in the performance of a duty imposed by contract which results in an injury to a third person. *Irvin v. Callaway*, 55 S. E. 1039, 1040, 127 Ga. 246 (citing *Southern Ry. Co. v. Grizzle*, 124 Ga. 737, 53 S. E. 244, 110 Am. St. Rep. 191)." (3 Words & Phrases, 2d Series, p. 409.)

"Misfeasance is the performance of an act in an improper manner, whereby some one receives an injury. *Williams v. Dean*, 111 N. W. 931, 933, 134 Iowa, 216, 11 L. R. A., n. s., 410." (3 Words & Phrases, 2d Series, 409.)

" 'Misfeasance' is the improper doing of an act, as distinguished from 'nonfeasance,' which is the total omission to do an act. . . . It has been held that misfeasance may involve to some extent the idea of not doing, as where an agent, while engaged in the performance of his undertaking, does not do something which it is his duty to do under the circumstances, as, for instance, when he does not exercise that care which a due regard for the right of the other party requires. Such negligence as would be actionable in any relation of life is 'misfeasance' by not doing. *Southern Ry. Co. v. Rowe*, 59 S. E. 462, 466, 2 Ga. App. 557." (3 Words & Phrases, 2d Series, pp. 409, 410.)

"An agent is liable to third persons when he is negligent in the performance of his duties, whether such act is termed misfeasance or nonfeasance." (*Lough v. John Davis & Co.*, 30 Wash. 204, 70 Pac. 491, 94 Am. St. Rep. 848, headnote, ¶ 3.)

"An agent having charge of a building, with authority to make repairs and employ servants, is personally liable for injuries to a passenger, due

to the negligent operation or repair of the elevator." (*Orcutt v. Century Bldg. Co.*, 201 Mo. 424, 99 S. W. 1062; 8 L. R. A., n. s., 929, headnote, ¶ 6.)

"A servant or agent is liable for a negligent omission or nonfeasance causing injury to a third person where he would be liable if acting as principal." (*Mayer v. Thompson-Hutchison Building Co.*, 104 Ala. 611, 16 South. 620, 28 L. R. A. 433, headnote, ¶ 2.)

"A car inspector who, after inspection and approval, sends out a car which he knows, or by the exercise of ordinary care could have known, was defective, is liable in damages to a brakeman who, because of the defect, is injured in attempting to use it in the ordinary manner, in the absence of contributory negligence on his part." (*Ward v. Pullman Car Corporation, &c.*, 131 Ky. 142, 114 S. W. 754, 25 L. R. A., n. s., 343, headnote, ¶ 1.)

"A servant is personally liable to third persons when his wrongful act in the course of his employment is the direct and proximate cause of their injury, whether such wrongful act be one of nonfeasance or misfeasance." (*Ellis v. Railway*, 72 S. Car. 465, 52 S. E. 228, 2 L. R. A., n. s., 378, headnote, ¶ 1.)

"An agent who has complete control and management of real property of a nonresident is personally liable for injuries sustained by a third person in consequence of the dangerous condition of the premises at the time when they were leased by him to a tenant." (*Baird et al. v. Shipman*, 132 Ill. 16, 23 N. E. 384, 7 L. R. A. 128, headnote.)

"Where an agent undertook to build a trap-door, but did the work so negligently as to cause the injury complained of, action would lie by the injured party not only against the principal but the agent also." (*Harriman et al. v. Stowe*, 57 Mo. 93, syl. ¶ 4.)

"Where an agent has complete control of a tenement house, and constructs a new walk in the court, leaving a large hole in the walk, and plaintiff, a new tenant, without previous knowledge of the existence of the hole, stepped into it after dark and was severely injured, it is misfeasance of the agent rendering him liable, and not a mere nonfeasance." (*Carson v. Quinn*, 127 Mo. App. 525, 105 S. W. 1088, headnote, ¶ 2.)

(See, also, *Bannigan v. Woodbury*, 158 Mich. 206, 122 N. W. 531, 133 Am. St. Rep. 371.)

"An agent having complete control and management of his principal's business, with the power to do what is reasonably necessary to protect third persons against injuries from omissions or commissions in the conduct of the same, is under obligation to so use that which he controls as not to injure another, and will be liable in damages to any third person for a failure to discharge such duty." (*Stiewel v. Borman*, 63 Ark. 30, syl. ¶ 4, 37 S. W. 404.)

"Agent is guilty of misfeasance in negligently directing water to be admitted to water-pipes in a room in a house owned by his principal, but

Wells v. Hansen.

which is under his general management, without first examining the condition of such pipes, by reason of which injury results, and he is liable to the tenant of the shop below for damage therefrom; and the fact that the room in which the pipes are is let to a tenant at that time does not release him from liability." (*Bell v. Josselyn*, 69 Mass. 309, 63 Am. Dec. 741, headnote.)

"For a misfeasance done by an agent, in the line of his agency, both the principal and agent are liable." (*Martin v. Benoist*, 20 Mo. App. 262, syl. ¶ 3.)

Under the allegations of the amended petition defendant Richey's active misconduct renders him liable to the plaintiff. The amended petition states a cause of action against him.

2. The allegations of the amended petition against defendant Kent are that he was employed to repair the walk; that he made some repairs; that he informed the plaintiff that the walk had been inspected and repaired and was all right and safe for her use; and that after being repaired the walk at the place where the plaintiff was injured was in a dangerous and unsafe condition. This constituted misconduct on the part of defendant Kent, for which, if proven, he is liable in damages to the plaintiff. The petition states a cause of action against defendant Kent.

3. Did the court have jurisdiction of defendants Hansen? The conclusion reached concerning the sufficiency of the petition as to defendants Richey and Kent makes this question easy to answer. But one cause of action is stated in the petition. If the allegations of the petition are true, each of the defendants is liable to the plaintiff. All were properly joined as defendants. (Civ. Code, § 35; *Dowell v. Railway Co.*, 83 Kan. 562, 112 Pac. 136.) Summons was properly served on defendants Hansen in Johnson county. (Civ. Code, § 61.) But if, as stated by defendants Hansen in their motion, their plea in abatement and their answer, no cause of action exists as to defendants Richey and Kent, and they were made parties simply to give color of jurisdiction to the district court of Wyandotte county in this action, another question presents itself. That question was not argued, is not presented in the briefs, is not now before this court and will not be further discussed.

Defendants Hansen never attacked the amended petition. Their motion, plea in abatement, and answer, were directed

against the original petition. This does not change their situation. The plaintiff, by permission of court, had the right to amend her petition so as to make it state a cause of action against any one or more of the defendants if it did not state a cause of action as first filed. Until defendants Hansen were discharged they were bound to take notice of all the pleadings filed in the action.

The judgment is reversed with directions to overrule the demurrers of defendants Richey and Kent and set aside the order of dismissal as to defendants Hansen, and proceed with the cause as herein indicated.