No. 34,629

MINNIE DUENSING, *Appellant,* v. W. S. LEAMAN, *Appellee.*

(102 P. 2d 992)

Opinion filed June 8, 1940.

*D. G. Smith,* of Girard, for the appellant.

*George F. Beezley,* of Girard, for the appellee.

The opinion of the court was delivered by

THIELE, J.: A demurrer was sustained to plaintiff's amended petition, and she appeals. The order of the trial court did not specify the particular reason for its ruling, and we therefore discuss three propositions presented in the briefs. The first is that the amended petition stated another and different cause of action than did the original petition, and, being filed after the statute of limitations had

run, the new cause of action was barred. The second is that the defendant was not guilty of negligence, and the third is that the plaintiff was guilty of contributory negligence.

In referring to the pleadings, all allegations not material to the matters in issue will be omitted.

The original petition was filed January 24, 1938, the defendants therein named being W. S. Leaman and The Girard Creamery Company. It was alleged that on January 25, 1936, Leaman operated a general merchandise store in the town of Monmouth in Crawford county; that he was the agent of the defendant creamery company and its purchasing agent for dairy products in connection with his general merchandise store; that on January 25, 1936, and for a long time prior, Leaman had furnished cooled water for drinking purposes for the refreshment of the patrons, licensees and customers of his general merchandise store and the sellers of dairy products to him as agent of the creamery company; that the water was contained in a tank in what was known as the cream room in his store; that a drinking cup was furnished by defendants for the use of customers, patrons and licensees and kept near a faucet on the tank; that for a long time plaintiff and her husband had been customers, patrons and sellers of and to both defendants and were frequently in the place of business, and had opportunity, and frequently, at the direction of defendant Leaman, used the drinking cup and water from the tank for the purpose of refreshment, and that plaintiff was familiar with the location of the tank, faucet and drinking cup. It was further alleged that on January 25, 1936, plaintiff, her husband and her small daughter were in the store for the purpose of transacting business; that the child became thirsty and the plaintiff took the child to the cream room, picked up a cup at the place where it was usually kept, drew a small quantity of water and took a mouthful before tendering it to the child; that upon taking the water into her mouth she immediately felt a sensation of burning and immediately expectorated the water; that defendants had carelessly and negligently, and without knowledge of plaintiff, left in the cup so furnished for the use of plaintiff and others of the general public certain poisonous and injurious acids and substances used in testing milk and cream products, the exact nature of which was unknown to plaintiff, but which burned, poisoned and otherwise injured her, in manner set out in the petition. Defendants filed a motion to have the above petition made more

definite and certain, but before it was ruled on the plaintiff filed an amended petition, in which all reference to the creamery company was omitted, but which in other particulars was substantially identical with the original petition. The amended petition was filed November 22, 1938, or substantially two years and eleven months after the claimed negligence occurred.

The first question is whether the original petition stated a cause of action against the defendant Leaman. Appellant insists that it did, while the appellee contends the first petition alleged only a cause of action against the creamery company, and that whatever defendant Leaman did was in discharge of his duties as agent of the creamery company and not personally. In our opinion the original petition stated a cause of action against the defendant Leaman. As is outlined above, although there were allegations of agency, there were allegations that Leaman conducted the general store, with which the creamery company had no connection, and that he furnished water for drinking purposes to his customers, patrons and licensees from a water tank in what was known as the cream room in his store, that a drinking cup was furnished for the use of customers, patrons and licensees; that plaintiff and her husband were customers of Leaman and were frequently in his place of business for the transaction of business and frequently, at Leaman's direction, had used the drinking cup and water from the tank for their refreshment. Other allegations need not be noted. Whatever the allegations concerning the creamery company, it is clear there were allegations of negligence against Leaman individually and not as agent. It may be observed that a like result would be reached even though he had been charged only as an agent. The general rule is that an agent who violates a duty which he owes to third persons is answerable to such third person for the consequences. There are exceptions to the rule where the act is one of nonfeasance, but that exception, even if recognized in Kansas, would not avail here, for the act complained of is one of misfeasance. (See *Barnhart v. Ford,* 37 Kan. 520, 15 Pac. 542; *Dowell v. Railway Co.,* 83 Kan. 562, 112 Pac. 136, affirmed on appeal, 229 U. S. 102, 22 S. Ct. 684, 57 L. Ed. 1090; *Wells v. Hansen,* 97 Kan. 305, 308, 154 Pac. 1033, L. R. A. 1916F 566, Ann. Cas. 1918D 230; Restatement, Agency, 769-779, §§ 350 to 354, incl., 2 C. J. [Agency, § 498 *et seq.*], p. 824; 3 C. J. S. [Agency, § 220 *et seq.*], p. 129; 39 C. J. [Master & Servant, § 1512 *et seq.*], p. 1311; 2 Am. Jur. [Agency, § 324 *et seq.*], p. 254, and

Annotation, 20 A. L. R. 97-139.) There is no doubt that the original petition stated a cause of action against defendant Leaman, and that the purpose of the amended petition was to substitute a correct for a partially incorrect statement of facts relied on for recovery. Under such circumstances, the amended petition related back to the filing of the original petition and the cause of action was not barred by the statute of limitations. (See *Springer v. Roberts,* 151 Kan. 971, 101 P. 2d 908, and cases cited.)

In support of the trial court's ruling, appellee contends the facts as pleaded show that plaintiff was not an invitee to the cream room operated in connection with Leaman's store, nor do the facts as pleaded show violation of any duty owed by the defendant to the plaintiff. In support he directs our attention to *Jones v. Swatszel,* 145 Kan. 99, 101, 64 P. 2d 555, and to cases from other jurisdictions to the same general effect. He also directs our attention to G. S. 1935, 65-706, which provides that if cream-buying stations have connecting doors with any other part of the building, there must be installed certain types of doors, and the room must be used exclusively for handling of dairy products. It may be doubted that keeping drinking water in a cream room would be a violation of this statute. It is true there is no allegation the cream room did not otherwise comply with the statute, but if it did not, the failure to maintain it as the statute prescribes would not be a defense. (See *Criswell v. Bankers Mortgage Co.,* 128 Kan. 609, 610, 611, 278 Pac. 722.) We are not unaware of the rule contended for by appellee that where an invitee upon business premises goes beyond the scope of his invitation into a place of danger, he loses for the time being his status as an invitee with correspondingly less responsibility on the part of the owner or proprietor. But how can it be applied here? The allegations of the amended petition are that defendant Leaman maintained the drinking place and cup in the cream room for the refreshment of his customers and patrons; that plaintiff was a customer and patron and had frequently, at the direction of the defendant, used the same. We do not believe, in view of all the allegations respecting the maintenance of the drinking place, the fact it was alleged defendant had frequently directed them to it had the effect of converting plaintiff into a mere licensee because she did not allege specific permission at the particular time. The entire allegations concerning the water tank, cup and use by customers, patrons and licensees lead to the conclusion that the water and the cup were

used without obtaining specific permission from defendant Leaman. Nor do we think it material that plaintiff's primary purpose was to obtain a drink for her small child. The fact remains it was the plaintiff who took the drink and suffered the alleged injuries.

And finally, it is argued by the appellee that the allegations show plaintiff was guilty of contributory negligence. This is predicated on the idea that plaintiff must have thought something was amiss, otherwise she would not have tested the water before letting the child drink. The allegation of the petition must be resolved against the pleader to reach such a conclusion, for all that is said is that after drawing a small quantity of water in the cup she "raised the same to her lips and took a mouthful before tendering it to her daughter." It might well be argued that a mother who took care to see that any drink given to a small child was not too hot, nor too cold, nor otherwise unfit, was using the highest degree of care. We are of the opinion the question is one for the trier of the fact and that it may not be said that the petition discloses plaintiff was guilty of contributory negligence.

The trial court erred in sustaining the demurrer, and the cause is remanded with directions to overrule it.