No. 37,097

DANIEL J. ORT, *Appellant,* v. ALLIED INDUSTRIES, INC. (RALPH PARKER and PAYNE RATNER), *Appellees.*

(203 P. 2d 234)

Opinion filed March 5, 1949.

*Austin M. Cowan,* of Wichita, argued the cause, and *Ray H. Tinder,* of Wichita, was with him on the briefs for the appellant.

*Donald C. Allen,* of Wichita, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: On September 27, 1945, plaintiff commenced an action against Allied Industries, Inc., hereafter called the corporation, and Parker and Ratner, to restrain and enjoin them from claiming any title or interest in a device later referred to, from interfering with plaintiff in its manufacture and distribution or in any contracts between plaintiff and other manufacturers or distributors, or from using, directly or indirectly, any of the ideas or information disclosed by plaintiff to defendants, or from transmitting that information to any other person. After preliminary motions were disposed of, the defendants answered in April, 1947. A trial was had in June, 1947, and at the close of plaintiff's testimony the defendants demurred to plaintiff's evidence. The demurrer was sustained as to defendants Parker and Ratner. Plaintiff duly appealed from the ruling on the demurrers. To complete the story, it may be said the corporation presented no evidence, and at a later date the court rendered judgment in favor of plaintiff granting an injunction against the corporation. Its motion for a new trial was denied, and the corporation perfected its appeal to this court. Under date of

July 22, 1948, the two appeals were consolidated in this court. The corporation has not filed any abstract or brief nor otherwise appeared and we shall treat its appeal as abandoned. The only question for consideration is whether the trial court erred in sustaining the demurrers of Parker and Ratner to the plaintiff's evidence.

To assist in understanding the questions later discussed we review the pleadings.

In the petition it was alleged that the corporation is a Kansas corporation; that Ratner was an attorney and president of the corporation and that Parker was the vice-president thereof, and that the corporation was operated and controlled by Ratner and Parker; that the defendants conspired for the purpose of depriving plaintiff of his property rights; that prior to commencement of the action plaintiff had conceived a new and novel mechanical device known as Ort's Junior Bicycle; that the corporation held itself out as a manufacturer's agent and that it would obtain for any manufacturer a market for the owner's products and relying thereon plaintiff came in contact with defendants; that negotiations were entered into by which the corporation was to act as plaintiff's exclusive agent in selling the device; that at the request of defendants, plaintiff disclosed his novel device; that the negotiations were not completed but during the course thereof defendants represented they had procured an order for a large number of the devices; that in truth the order was from an associate of defendants and had plaintiff accepted the order he would have been unable to complete deliveries on the dates and in the amounts required; that no agreement was made with defendants and plaintiff subsequently entered into negotiations with other parties and defendants called the proposed manufacturer and told him if he manufactured the device for plaintiff, the corporation would sue and enjoin him and told him the corporation was the originator of the device and that plaintiff had purloined the same from defendants; that such statements were false and for the purpose of depriving plaintiff of his property rights, and because thereof the proposed manufacturer refused to contract with plaintiff; that prior to such statement the proposed manufacturer was ready, able and willing to manufacture the device and distribute the same in large numbers; that defendants advised third persons that unless plaintiff would execute the draft of contract prepared by them, which draft was unsatisfactory to plaintiff, they would manufacture the device without plaintiff's con-

sent; that prior to the time plaintiff came in contact with defendants, they had no knowledge of the device, and that the threats made were for the purpose of coercing plaintiff to contract with them. Plaintiff further alleged a confidential relation existed between the defendants and him and he would not have disclosed the device except for the same; that defendants are threatening and unless enjoined will make use of the information disclosed by plaintiff, will manufacture and sell the devices and irreparably injure plaintiff; that had plaintiff made a contract with the proposed manufacturer, large profits would have accrued to his benefit. On information and belief, plaintiff alleged that unless restrained, defendants would continue to make false statements as to the originator and owner of the device. The relief prayed for has been heretofore set forth.

The corporation and Parker filed an answer admitting corporate existence and that Parker was a vice-president thereof, and denying generally.

Ratner's answer denied generally and admitted corporate existence and that at the time the petition was filed he was a stockholder and president of the corporation, and alleged that he was not then and had not been for several months past either a stockholder, officer or director of the corporation, nor an employee or agent thereof in any capacity whatever. Other allegations need not be noted.

No reply is shown, and the new matter in Ratner's answer is therefore taken as true (G. S. 1935, 60-748).

As the only question before us is whether plaintiff's evidence showed he was entitled to relief against Parker and Ratner, we limit our review of the evidence.

Ort's testimony was that he lived in Wichita at the residence of one McMillian, who worked for the corporation at the time; that he designed and built a child's bicycle and that McMillian made some suggestions about it and told Ort he believed it could be marketed through a national sales organization in St. Louis operated by a man named Cruze; that later, through McMillian, he met Cruze, who wanted at least 20,000 bicycles as soon as possible and that the two met with Mr. Parker of the corporation; that Parker stated Cruze could sell thousands of the bicycles but in order to do business with Cruze it was necessary that Ort have a contract with the corporation; that at the time he went over the bicycle point by point with Parker, explaining the mechanism,

method of construction and other matters not necessary to detail. Later Ort saw McMillian and Parker at Ratner's office. Ort's attorney was also present, and a proposed contract prepared by Ratner was discussed. Briefly stated, the contract was to be between Ort and the corporation, and among other things provided that Ort would furnish 20,000 units on or before a date left blank and thereafter 3,000 units per week, and would use his best efforts to produce 40,000 units by December 1, 1945. Ort further testified that he made inquiries and found he could not get materials to furnish the number required and notified Parker. A little later Ort entered into negotiations with Tammany for making the bicycles and a contract was agreed on. A few minutes before it was to be executed Tammany told Ort he could not sign for the reason the corporation had threatened suit against him if he did so. Later Ort made a contract with Seneca Manufacturing Company and some bicycles were made. Ort further testified that he did not think that Parker or Ratner had interfered with the manufacture of his bicycles since the Tammany contract.

Tammany testified that he was engaged in the manufacturing business and on September 25, 1945, he went to his attorney's office to meet Ort and his attorney and to execute a contract with Ort; that shortly before Parker called him and asked if he would be interested is manufacturing some merchandise, and Tammany said he would not be as he was going to manufacture junior bicycles. Parker asked what one and he replied one designed by Ort and that a contract had been drawn. Parker told him that the bicycle Ort claimed as his own was the corporation's and if Tammany entered into a contract with Ort, the corporation would sue Tammany. A little later his attorney, Morris, caller Ratner, and upon his attorney's advice the contract was not executed. It was agreed that Morris, who was not available as a witness, if present would testify that at the meeting mentioned by Tammany he called Ratner and asked him if the corporation was making some claim to the Ort junior bicycle and Ratner stated the corporation claimed the idea belonged to the corporation and was purloined or taken from it by Ort, and Ort had no interest in it, and if Tammany contracted with Ort to manufacture the bicycles the corporation would sue him and prosecute the suit to judgment.

In his brief appellant says there are three questions involved in

the appeal: (1) Did the trial court rightfully sustain the demurrers of Ratner and Parker? (2) May persons who are president and vice-president of a corporation and in active charge of its affairs be exempt from personal liability when they wrongfully make, on behalf of the corporation, a claim of ownership of an idea disclosed to them in confidence? (3) Was appellant entitled to an injunction against Ratner and Parker? In his argument, however, appellant does not discuss the questions separately.

Before discussing the first and third questions we give attention to the second question. Appellant's argument assumes that his action is one for damages. It is true he alleged in his petition that unless the defendants were restrained, they would use the information disclosed to them by him and would manufacture and sell his device to his damage, but there was no allegation that he had been damaged by any past act of the defandants or any of them, nor was there allegation of any facts that formed the basis for any award of damages nor were any damages claimed. In addition, there was no evidence that any act of Ratner or Parker caused the loss to appellant of any amount whatever. The action was one to restrain and enjoin the defendants from doing certain acts which would result in damages to the appellant, and no more.

In our opinion the first and third questions are substantially the same. In their briefs, both appellant and the appellee Ratner devote considerable space to a discussion of trade secrets, of the rights of one conceiving and developing a novel device against another who learns of the device through confidential means, and of kindred matters, but in view of our conclusions later expressed, we need not discuss that phase of the argument.

Appellant directs our attention to the rule applicable for consideration of evidence attacked by demurrer, and stresses heavily a statement in the proposed contract between the corporation and Ort, that Ort had lately invented and applied for letters patent on a device of novel nature in the bicycle field, and argues that Ratner and Parker were fully aware of the situation and therefore could not have acted in good faith in advising Tammany that if he contracted with Ort, the corporation would sue, or in so advising Tammany's attorney. As has been pointed out, the instant action was one for an injunction and not for damages. Conceding for the purposes of discussion that such knowledge on the part of Ratner and

Parker would have subjected them to liability (see *Duensing v. Leaman,* 152 Kan. 42, 44, 102 P. 2d 992, and authorities cited), it does not follow the trial court erred in holding that evidence, and the other evidence introduced, did not warrant issuance of an injunction, or in refusing such relief. As has been pointed out, this action was commenced in September, 1945, and the acts complained of were committed prior thereto, and the purpose of the action was to compel cessation of similar acts. Ratner's pleaded allegation that he was no longer stockholder, officer or director of the corporation, was admitted by failure to deny. At the trial in June, 1947, not only was there no evidence of any act by Ratner or Parker after the action was commenced, but Mr. Ort, testifying in his own behalf, stated that he did not think Mr. Ratner and Mr. Parker had interfered with the manufacture of his bicycles since the Tammany contract. In *Burton v. Ostertag,* 166 Kan. 374, 385, 201 P. 2d 676, it was said:

"It is quite well settled in this court (*Durham v. C. C. & M. Co.,* 22 Kan. 232; *Belknap v. Sleeth,* 77 Kan. 164, 167, 93 Pac. 580; *Bell v. Johnson,* 142 Kan. 360, 46 P. 2d 886; *Heifling v. City of Sharon,* 152 Kan. 512, 517, 106 P. 2d 680), as well as generally elsewhere (see cases annotated in 80 A. L. R. 624, *et seq.*) that when a party to an action gives testimony the effect of which is to defeat his claim and establish a valid defense relied upon by his opponent, he is bound by such testimony and cannot recover."

We think it clear that the evidence disclosed Ort was not entitled to injunctive relief. Other matters mentioned in the briefs need not be discussed.

The orders appealed from by appellant Ort are affirmed.

ARN, J., not participating.