No. 38,444

JOE FEGER, a minor by Floyd Feger and Grace Feger, his father and mother, natural guardians and next friends, *Appellee,* v. CONCRETE MATERIALS AND CONSTRUCTION COMPANY, ELZA MOWBRY, and DAN JOHNSON, *Appellants.* (Winfield Stone Company and W. O. Homer, *Defendants.*)

(238 P. 2d 708)

Opinion
filed December 8, 1951.

J. A. Herlocker, of Winfield, argued the cause, and Laurence M. Turner, of Moline, and Harry O. Janicke, of Winfield, were with him on the briefs for the appellants.

Stewart S. Bloss, of Winfield, argued the cause, and W. L. Cunningham, D. Arthur Walker, Wm. E. Cunningham, and William R. Howard, all of Arkansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by some of the defendants from an order overruling their joint demurrer to plaintiff's petition in a damage action.

The action was instituted for and on behalf of Joe Feger, a minor, by Floyd and Grace Feger, his father and mother, and as his natural guardians and next friends. The petition insofar as here material, in substance, alleged:

The defendant, Concrete Materials and Construction Company, an Iowa corporation, duly authorized to do business in this state, was engaged in the quarrying and crushing of rock; the defendant, Winfield Stone Company, a corporation, was the owner of the premises on which the quarry was situated and on April 20, 1949, leased such quarry plant and equipment to the Concrete Materials and Construction Company, who thereafter operated such quarry; the defendant, Elza Mowbry, was the superintendent of the lessee and in immediate charge and supervision of the blasting operations complained of; Dan Johnson was the manager of the lessee and as such had the direct supervision, management and control of its blasting operations; that immediately west of the city of Winfield and as a part thereof is a platted addition known as West Side addition; within the addition are certain numbered lots and blocks of land used and occupied as residences by the owners and their families for many years prior to the time any rock was quarried in that vicinity; block one was immediately adjacent to each of the tracts used by defendants for quarrying and blasting purposes; for many years prior to April 20, 1949, Floyd Feger, father of the plaintiff, owned and occupied all of block one as his home; the

defendant, Concrete Materials and Construction Company, who supervised, directed and controlled all the officers previously mentioned, had continuously and at various times and places within the immediate vicinity and residence of the plaintiff used dynamite and other high explosives in its quarrying and blasting operations; the use of such dynamite and other high explosives together with the violence of the blasts caused the buildings on the premises and their foundations to vibrate and shake; it caused the beds and other furniture in the residence to vibrate and shake and the house-hold utensils on shelves to become unbalanced and fall from the shelves; such blasting had been continuous but at irregular intervals at all times since the operations of the quarry began in 1947.

The petition further, in substance, alleged:

That on May 30, 1950, and at the hour of about 8:30 or 9:00 a. m. the defendant, Concrete Materials and Construction Company, acting under the supervision and control of its superintendent and manager, through its agents, servants and employees whose names plaintiff and his father and mother do not know but whom defendants know, used an unnecessary and excessive charge of high explosives which was of such violence it caused the ground, residence and foundation of Joe Feger's home to vibrate and shake and caused a lamp about four pounds in weight to be knocked from a shelf and strike on the top and back of the head of Joe Feger, a minor ten years of age; said blow rendered the child unconscious, causing a concussion of his brain and intense pain.

The remaining portions of the petition pertained to the extent of the child's injury and damage and need not be narrated.

A motion of defendants to strike portions of the original petition and to make it definite and certain in certain particulars is not involved in the arguments on the demurrer and need not be noticed.

The defendants, the lessee, Concrete Materials and Construction Company, a corporation, and Elza Mowbry and Dan Johnson, demurred jointly to the petition on the grounds (1) several causes of action were improperly joined; and (2) the petition failed to state a cause of action against those defendants. The demurrer was overruled and from that ruling those defendants appeal.

We shall treat the grounds of the demurrer in the order stated. In order to avoid confusion as to parties now involved it should be stated the defendant, Winfield Stone Company, a corporation, is no longer a party to this particular action. Allegations concerning it were stricken pursuant to motion and appellee has not cross-

appealed from such ruling. The only party defendants here involved are, therefore, the lessee or operator, namely, the Concrete Materials and Construction Company, a corporation, and its superintendent and manager.

A superintendent and manager of a corporation are, of course, properly joined in a damage action against their employer if the allegations of the petition are sufficient to show their connection with the negligence alleged. (*Dowell v. Railway Co.*, 83 Kan. 562, 112 Pac. 136; *Wells v. Hansen*, 97 Kan. 305, 310-311, 154 Pac. 1033; *Duensing v. Leaman*, 152 Kan. 42, 102 P. 2d 992; and *Rush v. Concrete Materials & Construction Co.*, No. 38,443, 172 Kan. 70, 238 P. 2d 704, a companion case which is an action to enjoin the maintenance of a nuisance, this day decided.)

Appellants argue the petition failed to allege any acts of negligence on the part of the superintendent or manager which were the proximate cause of injury. They argue the petition alleges such acts were performed by other agents, servants and employees, whose names plaintiff does not know. They, therefore, contend that neither the superintendent nor manager is properly joined as a defendant. The contention is not good. The petition expressly alleged such acts were performed under the immediate charge and supervision of Mowbry, the superintendent, and Johnson, the manager, who had the direction, supervision, management and control over blasting operations. This action is not predicated on the theory the superintendent and manager are liable by reason of negligent acts of their subagents, which was true in cases relied on by appellants. Here the superintendent and manager are charged with their own individual negligent acts of improperly supervising and controlling the blasting operations. Those are charges of misfeasance and not mere nonfeasance. Moreover it has been held a servant or agent is liable for a negligent omission or nonfeasance causing injury to a third person where he would be liable if acting as principal. (*Wells v. Hansen*, supra, p. 310.)

The second ground of appellants' demurrer was that the petition failed to state a cause of action against them. A part of that contention has already been answered. The further contention advanced by appellants in support of such ground of the demurrer is that the petition failed to allege actual or constructive knowledge of appellants that the blastings were shaking articles from the shelves in appellee's home.

There are, of course, cases in which it must be alleged the defendant, or defendants, knew, or in the exercise of due care should have known, damage or injury was likely to result from their conduct. An example is an action against a municipality for defects in streets, alleys, parkings and the like where such allegations and proof are required by statute. There are also some other actions in which such facts must be alleged in the absence of a statutory requirement. But in answer to appellants' exact contention it is sufficient to say it is not the general rule, or the rule in this jurisdiction, that a necessary element of negligence includes the anticipation of the precise damage caused, or injury sustained, or the extent thereof. (*Frazier v. Cities Service Oil Co.,* 159 Kan. 655, 157 P. 2d 822; *Rowell v. City of Wichita,* 162 Kan. 294, 176 P. 2d 590.)

The rule respecting liability for use of dangerous instrumentalities such as explosives is stated in 22 Am. Jur., Explosions and Explosives, § 21, as follows:

"With respect to the negligent keeping or using of explosives, the rule has been stated to be that the wrongdoer is responsible for all consequences naturally resulting from his wrong, whether he could have anticipated those consequences or not. But, in accord with the general rule as to proximate cause, by the great weight of authority the negligence must be such that a person of ordinary caution and prudence would have foreseen that some injury would likely result therefrom; the specific injury need not have been foreseen."

Whether appellants should have foreseen that some, not necessarily this particular, injury would be likely to result in the immediate vicinity from blastings caused by the use of "an unnecessary and excessive charge of high explosive," as alleged, is a jury question. From the facts alleged, if established by proof, appellants' negligence fairly and reasonably may be inferred. (*Rost v. Railroad Co.,* 95 Kan. 713, 715, 149 Pac. 679.) Surely it cannot be held as a matter of law that no reasonable inference of negligence may be drawn from the allegations of this petition.

Persons using powerful explosives such as dynamite are charged with knowledge of their probable consequences which by reasonable diligence they could have acquired. (*Kimberly v. Howland,* 143 N. C. 398, 55 S. E. 778.) See, also, *Brown v. L. S. Lunder Construction Co.,* 240 Wis. 122, 2 N. W. 2d 859, in which the court lists numerous jurisdictions where the rule of absolute liability, as distinguished from liability for negligence, in the use of high explosives for blasting operations is followed. Irrespective of the comparative merits of the two rules we think the petition was good as against the

demurrer. It was sufficient in that it charged appellants with conduct in connection with blasting operations from which negligence fairly and reasonably may be inferred.

The order overruling the demurrer is affirmed.