No. 38,443

. JESSIE RUSH, ERNEST C. MORAN, ISAAC F. CHICK, STANLEY GRAHAM, NANCY E. BERTOLEIT, FLOYD FEGER, BERT GRIFFITH and JOE MARKLEY, *Appellees,* v. CONCRETE MATERIALS AND CONSTRUCTION COMPANY, a corporation; WINFIELD STONE COMPANY, a corporation; ELZA MOWBRY; DAN JOHNSON and W. O. HOMER, *Appellants.*

(238 P. 2d 704)

Opinion filed December 8, 1951.

*Harry O. Janicke,* of Winfield, argued the cause, and *Laurence M. Turner,* of Moline, and *J. A. Herlocker,* of Winfield, were with him on the briefs for the appellants.

*Stewart S. Bloss,* of Winfield, argued the cause, and *W. L. Cunningham, D. Arthur Walker, William E. Cunningham* and *William R. Howard,* all of Arkansas City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiffs instituted this action to enjoin the maintenance of an alleged nuisance. The defendants' demurrer to the petition was overruled and they have appealed.

The petition contained twenty-five numbered paragraphs and attached to it was a copy of a long and detailed lease. No attempt will be made to abstract all of the allegations of the petition, our statement thereof being deemed sufficient to discuss appellants' specification of errors.

The petition alleged the status of the plaintiffs and of the defendants; that plaintiffs owned specified tracts of real estate lying near or adjacent to real property owned by defendant Winfield Stone Company and used by it as a stone quarry and rock crushing plant in the operation of which power machinery and high explosives were used, and that on April 30, 1949, the Stone Company leased the real

estate, quarry and equipment to defendant Concrete Material and Construction Company, which had since operated it. It was further alleged:

"19. Continuously since the . . . day of November, 1947, up until about April 30, 1949, the Winfield Stone Company, under the direction of its president, the defendant W. O. Homer, and ever since about April 30, 1949, the defendant Concrete Material and Construction Company, under the supervision, direction and control of defendants Elza Mowbry and Dan Johnson, and with the oral consent and approval of The Winfield Stone Company and its president, W. O. Homer, have continuously and at various times and places, within the immediate vicinity of plaintiffs' property and residences, as above described, unlawfully operated and maintained said rock quarry so that said quarry so maintained and operated was and is a nuisance, . . ."

in that defendants, while maintaining and operating the quarry, caused rock to be blasted by use of dynamite and other high explosives, so that pieces of rock were caused to fall upon plaintiffs' real estate where children were playing, injuring houses, breaking shingles, endangering lives of children and other persons on plaintiffs' real estate, causing air shocks which vibrated their buildings, cracking plaster, causing articles to fall, as well as other specified damage, and that by reason of the premises plaintiffs have suffered and would continue to suffer irreparable damage; that although defendants had often been requested to stop and cease the operations and practices complained of, they had refused and had and would continue such practices unless enjoined by an order and judgment of the court. It was further alleged in paragraph 20 that the Stone Company and its president Homer, in leasing the quarry to the Construction Company, did so with full knowledge the lessee would operate it as above set forth and it had ever since been so operated. In latter paragraphs it was alleged that Mowbry, superintendent, and Johnson, manager of Construction Company, had personal management and control of the blasting operations of the latter company; that plaintiffs had often complained orally to defendants of defendants' practices and of the injury, damage and danger to them and their families, but defendants had refused to cease or desist from such practices; that plaintiffs and each of them had an interest in the subject of the action and in obtaining the relief sought; that they had no adequate remedy at law and unless relief by injunction be granted, they would suffer great and irreparable damage and loss. They prayed for a permanent injunction and for equitable relief.

We note that defendants filed a motion that plaintiffs be required

to separately state and number their causes of action, which was denied; that thereafter they moved to strike references to the Stone Company and its president Homer in paragraph 19 of the petition for the reason that none of the acts claimed to constitute a nuisance were committed by them, and all of paragraph 20 for the reason the Stone Company and Homer were not necessary or proper parties. This motion was denied and defendants filed their motion that the petition be made more definite and certain in fifteen particulars. This motion was partially sustained and plaintiffs amended accordingly. Generally speaking, the matters sought to have been reached do not affect the questions presented on this appeal. Thereafter defendants demurred on the ground that several causes of action were improperly joined and that the petition failed to state a cause of action. This demurrer was overruled and defendants perfected their appeal.

Although appellants specify as error the overruling of their demurrer on the ground several causes of action were improperly joined, they present no argument in their brief on that question and it will be considered as abandoned. Under their specification that the petition fails to state a cause of action, they present the questions hereafter discussed.

Appellants first contend that Homer, alleged to be the president of the Stone Company, was not a necessary or proper party defendant and the petition fails to state a cause of action against him. The basis of this contention is that all acts charged are against him as president of the company and not individually. Our attention is directed to G. S. 1949, 60-411, as to who may be made parties defendant in an action, and to 43 C. J. S. 829, where it is said that officers of a corporation are not necessary parties when it is not shown that they are doing some act independent of the corporation or where no relief is prayed against them that is not prayed against the corporation; to *Hatch v. Chicago, R. I. & P. R. Co.*, 6 Blatchford 105 (Case No. 6204) where the question arose from joinder of a nominal defendant in an effort to prevent removal to the federal court, and in which it was said where no relief was prayed for with respect to officers, agents or servants of a corporation, other than was prayed for against the corporation, it was not necessary or proper to make them parties to the suit, and to *Reitzer v. Medina Valley Irrigation Co.*, (Tex.) 153 S.W. 380, and *Elliott v. Cline*, 184 Ga. 393, 191 S.E. 372, where it was held the agents and servants of the corporation were not necessary parties.

Appellants next contend that Mowbry and Johnson were not necessary or proper persons in that they were not charged with the commission of any act other than as servants of the Construction Company, and our attention is directed to 32 C. J. 301, where it is said the action should be against the person doing the wrong and not his agent or servant, and to *North v. Peters*, 138 U. S. 271, 11 S. Ct. 346, 34 L. Ed. 936, where in an action against a sheriff for making an unlawful levy, it was held he could be proceeded against and it was not necessary to join as defendants the plaintiffs in the writs of attachment out of which the controversy grew.

Preliminary to a discussion of the above contentions, it is noted that the petition charges that the Stone Company operated the property so as to constitute a nuisance from November, 1947, until April 30, 1949, when it was leased to the Construction Company which had so operated it since that date, and that the Stone Company was aware of that operation. Although a motion was made to strike the first part of paragraph 19 of the petition it was not otherwise motioned, and it may be doubted that the allegation as to Homer is to be construed as not charging him with personally directing the acts complained of. Insofar as Mowbry and Johnson are concerned, no motion to make the petition more definite and certain was filed and when tested as against a demurrer the acts charged against them can hardly be construed solely as the acts of the Construction Company. The allegations do not negative a conclusion that they exercised an independent judgment in how the blasting should be done.

With respect to both of the appellants' contentions as stated above, it is to be remembered that the action is for an injunction. It is said in 28 Am. Jur. 451 that the principles governing the joinder of parties in equity control; that those interested in the subject matter should be made parties, but that there is no inflexible rule as to joinder in such a suit and the court exercises a large discretion in determining whether they are properly joined. With respect to actions to restrain continuation of nuisances, it is said in 39 Am. Jur. 437 that all persons who contribute to the nuisance complained of may be joined as defendants, although they act separately and independently and hence could not be joined in an action for damages. The general rule seems to be that one who actually creates a nuisance is liable therefor and continues to be liable as long as the nuisance continues, and that one who actively continues a nuisance is as liable as he who first created it. (66 C. J. S. 838 and

39 Am. Jur. 315, 316, 317.) Without extensive statement it may be said that a necessary party to an action is one who may have an interest in the subject matter of the suit and whose right may be materially affected or concluded by the judgment and therefore one without whom the court will not proceed, while a proper party is one who has an interest which is separable from the interest of the other parties, so that it may but will not necessarily be affected by the judgment which does complete justice between the other parties (67 C. J. S. 889, *et seq.*, 39 Am. Jur. 852.) If the action had been for damages instead of injunction we are of the opinion that as to Mowbry and Johnson they were sufficiently charged with personal negligence, and under *Duensing v. Leaman*, 152 Kan. 42, 102 P. 2d 992, and cases cited, an action could have been maintained as against them and their employer. We concede that the allegations against Homer are not so specific. Although there be sound ground for holding Mowbry and Johnson were necessary parties, and less ground for holding Homer a necessary party, we need not so decide for it seems rather clear they were at least proper parties and that the trial court so concluded.

Appellants' last specification of error is that plaintiffs' petition showed no lack of an adequate remedy at law and did show laches on the part of the plaintiffs and therefore failed to state a cause of action. The argument that the petition did not disclose plaintiffs were without an adequate remedy at law is predicated on the fact that their pleading that they did not have such remedy was a conclusion and of no effect, in support of which they cite *McKeever v. Buker*, 80 Kan. 201, 101 Pac. 991, which holds that a petition containing such a statement but which states no facts from which that conclusion follows, fails to state a cause of action. The rule is correctly stated, but examination of the allegations of the petition shows it has no application here. Perhaps each plaintiff who sustained injury might obtain damages but that would not stop continuation of the defendants' operations which had caused damages and annoyances in the past—if the wrongful acts continued other and different injury to plaintiffs' property and their peaceful enjoyment of their occupancy might occur. We cannot agree that plaintiffs must await an actual injury and a consequent damage and recover therefor and that such constituted an adequate remedy at law. If plaintiffs can establish their claims, they are entitled to have the nuisance abated.

The argument that plaintiffs were guilty of laches consists in calling our attention to the allegations that the acts complained of were commenced in November, 1947, by the Stone Company and continued since April, 1949, by the Construction Company, and calling further attention to the terms of the lease it is said the plaintiffs, without action on their part, permitted the latter company to expend large sums of money. While it is true the lease did provide for extensions the petition was silent as to whether any were made. The petition did state that on numerous occasions plaintiffs orally complained to defendants. While it was alleged the acts complained of commenced in November, 1947, they did not all occur at one time, the very pleading disputed that. The instant action was commenced in June, 1950, less than three years after the first act was alleged to have occurred. Possibly if defendants plead laches and adduce sufficient evidence on a trial, the court may conclude that plaintiffs have slept on their rights, but we cannot say as a matter of law that the petition disclosed they did.

The ruling and judgment of the trial court is affirmed.