No. 40,476

ANNIE RUSSELL, *Appellee,* v. (THE AMERICAN ROCK CRUSHER COMPANY, a Corporation) and J. E. TOBIN, *Appellant.*

(317 P. 2d 847)

Opinion filed November 9, 1957.

*Blake A. Williamson, James K. Cubbison, Lee Vaughan, Donald A. Hardy,* and *A. C. Cooke,* all of Kansas City, were on the briefs for the appellant.

*David W. Carson, John K. Dear* and *John William Mahoney,* all of Kansas City, were on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: This is an appeal from an order overruling a demurrer to the petition in a suit by the plaintiff to recover damages from the defendant for fraud and trespass.

In her first amended petition the plaintiff alleges that she is the owner of certain real property; that the defendant, J. E. Tobin, is an individual who has for the past seven (7) years supervised and directed the quarrying operations of the defendant American Rock Crusher Company in close proximity to the plaintiff's land; that said company is a corporation.

The plaintiff further alleges that the defendant owns and operates a quarry and that in the operation of the quarry the defendant, its agents, servants and employees, extended its quarrying and mining operations into, upon and underneath the property of plaintiff without authorization or right of any kind and that by this trespass has taken approximately 8,000 tons of rock for the past seven (7) years; that said trespass was done willfully, wantonly and with the intent to cheat and defraud the plaintiff of $20,000.

The petition also contains additional counts for damages for the use of a roadway and for damages to plaintiff's house by the frequent blasts and explosions in the quarry.

After preliminary motions were ruled on a second amended petition was filed. The following paragraph was added to the petition:

"Plaintiff further states that she did not discover the willful, wrongful and malicious acts described in the first two of the three preceding paragraphs, until shortly before the filing of this petition, since all of the defendants' acts were being carried out underground, and that she did not discover that the defendants were causing the explosions and blasts as described in the last of the three foregoing paragraphs, until shortly before the filing of this petition."

The defendant, the American Rock Crusher Company, filed its answer. Upon motion of the plaintiff the answer was made more definite and certain by the attachment of certain leases, agreements, and easements.

Thereafter the plaintiff moved the court for permission to amend her second petition by changing the name of the defendant J. A. Tobin to J. E. Tobin for the reason, plaintiff alleged, that a mistake was made in his middle initial.

The court allowed the amendment.

Thereafter the defendant J. E. Tobin filed a motion to make the second amended petition more definite and certain by requiring the

plaintiff to state in which capacity or by what authority J. E. Tobin allegedly supervised and directed the quarrying operations of the American Rock Crusher Company; that is, as officer or employee or owner.

The court allowed the motion and the plaintiff amended the second petition by interlining the words "as owner and manager."

The defendant J. E. Tobin then demurred to the second amended petition for the reason that the petition fails to state or allege facts sufficient to state a cause of action against defendant J. E. Tobin, and that the petition shows on its face it is barred by the statute of limitations. The court overruled the demurrer. Hence this appeal.

The defendant contends that the petition does not state a cause of action for the reason that the defendant J. E. Tobin is not liable for any trespass committed by the corporation. He contends that while a corporation can be held liable for tresspass by agents, servants and employees acting within the scope of their authority or in the course of their employment that the defendant Tobin would only be liable for a trespass done outside the scope of his employment or authority. In support of his position defendant cites *Scott v. Southwest Grease & Oil Co.*, 167 Kan. 171, 205 P. 2d 914.

This case does not support the defendant's position. There the matter before the court was an action for the specific performance of an oral contract. A contract of employment had been made by the president of a corporation who also was in the apparent capacity as general business manager. The court held:

"The record in this case discloses not only that Mayor was president of the defendant corporation but that he was in fact and in reality its active business manager. In the absence of any showing of lack of authority it cannot be said that Mayor was not acting within the apparent scope of his authority. (*Petroleum Co. v. Gas & Fuel Co.*, 112 Kan. 73, 76, 209 Pac. 826.) The payment to plaintiff of the commissions for a period of years by the corporation constituted ratification of the contract. Furthermore, having accepted the benefits of plaintiff's performance of the contract the defendant cannot repudiate its obligations thereunder. (*El Dorado Nat'l Bank v. Coca-Cola Bottling Co.*, 129 Kan. 272, 282 Pac. 579.)" (p. 174.)

In the consideration of a demurrer to this petition we are not concerned with either ratification or the acceptance of benefits.

The basic question on this point of the demurrer is: May the defendant J. E. Tobin be held for a trespass against a third person whether or not he was acting within the scope of his authority or employment as an agent of the corporation?

The law is well settled that a corporation is not only liable for its own torts but for the torts of its agents committed within the scope of the agents' authority and course of employment, even though it did not authorize or ratify the act, or forbade it. 19 C. J. S. Corporations § 1260; 13 Am. Jur., Corporations, § 1118. For Kansas cases see West's Kansas Digest, Vol. 3A, Corporations, § 423, p. 393 and Hatcher's Kansas Digest [Rev. Ed.], Vol. 2, Corporations, §§ 34, 35, pp. 67 and 68.

More particularly, a corporation may be held liable for trespass committed by its officers or agents, in the course of their employment, upon the lands, personal property or person of another. (19 C. J. S. Corporations § 1285; 13 Am. Jur., Corporations, § 1122; and *W. U. Telegraph Co. v. Rich,* 19 Kan. 517.)

Likewise, the general rule is that such officers and agents who violate a duty owed to third persons are liable to such persons for their torts.

"The officer or agent committing the assault or trespass is of course himself personally liable, as well as the corporation, and according to the prevailing view the corporation and the officer or agent may be sued jointly for the trespass." (13 Am. Jur., Corporations, § 1122 at page 1049.)

". . . If, however, a director or officer commits or participates in the commission of a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby, and it does not matter what liability attaches to the corporation for the tort. . . ." (13 Am. Jur., Corporations, § 1086 at page 1018.)

For Kansas and other authorities on the liability of agents to third persons see *Barnhart v. Ford,* 37 Kan. 520, 15 Pac. 542; *Dowell v. Railway Co.,* 83 Kan. 562, 112 Pac. 136, affirmed on appeal, 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1090; *Wells v. Hansen,* 97 Kan. 305, 308, 154 Pac. 1033, L. R. A. 1916F 566, Ann. Cas. 1918D 230; Restatement, Agency, 769-779, §§ 350 to 354, incl., 2 C. J. [Agency, § 498 *et seq.*], p. 824; 3 C. J. S. [Agency, § 220 *et seq.*], p. 129; 57 C. J. S., Master and Servant, § 576 *et seq.;* 2 Am. Jur. [Agency, § 324 *et seq.*], p. 254; Annotation, 20 A. L. R. 97-139; *Kitzel v. Atkeson,* 173 Kan. 198, 245 P. 2d 170; 99 A. L. R. 405; *Larson v. Domestic & Foreign Corp.,* 337 U. S. 682, 93 L. Ed. 1628, 69 S. Ct. 1457; and Mechem on Agency [Second Edition], Chapter III, § 1451 *et seq.,* p. 1074.

A leading Kansas case is *Duensing v. Leaman,* 152 Kan. 42, 102 P. 2d 992, where the court said:

". . . Whatever the allegations concerning the creamery company, it

is clear there were allegations of negligence against ·Leaman individually and not as agent. It may be observed that a like result would be reached even though he had been charged only as an agent. The general rule is that an agent who violates a duty which· he owes to third persons is answerable to such third person for the consequences. There are exceptions to the rule where the act is one of nonfeasance, but that exception, even if recognized in Kansas, would not avail here, for the act complained of is one of misfeasance. . . ." (p. 44.)

An agent cannot escape liability to third persons by pleading he acted at the command or on account of the principal. This is for the reason that the tort liability of the agent is not based on the contractual relationship between the principal and agent, but on the common law obligation that every person must so act or use that which he controls as not to injure another. (2 Am. Jur., Agency, § 326; Restatement of the Law, Agency, § 343, p. 753.)

The contention that the defendant would be liable only if acting outside the scope of his employment and authority is not correct. He is liable to third parties in either event. The corporation is liable only if he was acting within the scope of his employment and authority or if there had been some later ratification or acceptance of benefits of his act.

The plaintiff need not allege the acts of defendant were done outside the scope of his authority and employment. The allegations of the second amended petition state a cause of action against the defendant J. E. Tobin.

Since the defendant corporation answered and did not demur, any question as to the sufficiency of the allegations in the second amended petition on "scope of employment and authority" affecting its liability is not before us.

Of course, the corporation and its officer or agent may be joined as defendants (13 Am. Jur., Corporations, § 1122; *Dowell v. Railway Co.,* supra; *Wells v. Hansen,* 97 Kan. 305, 310-311, 154 Pac. 1033; *Duensing v. Leaman,* supra; *Rush v. Concrete Materials & Construction Co.,* 172 Kan. 70, 238 P. 2d 704; and *Feger v. Concrete Materials & Construction Co.,* 172 Kan. 75, 238 P. 2d 708).

The defendant J. E. Tobin urges as his second ground of demurrer that the petition shows on its face the plaintiff's cause of action is barred by the statute of limitations.

The parties agree that G. S. 1949, 60-306 (3), providing a two year statute of limitations for trespass and fraud is controlling in the case.

The defendant contends in order to toll the statute it is necessary to allege facts which clearly disclose that the fraud and trespass were first discovered at a time less than two years from the filing of the petition, and that the petition here clearly does not disclose such facts and no cause of action is stated.

There is no disagreement with defendant's statement of the rule. The difficulty lies with its application.

The defendant takes the position that the changing of the initials J. "A." Tobin for J. "E." Tobin is a substitution of a new party defendant and the equivalent of filing a supplemental petition. Under this theory defendant contends that service was not had on J. "E." Tobin until January 10, 1956, and that if any cause of action is stated against him it is for the period of two years commencing from the date when the service of summons was had and dating back to a period commencing January 10, 1954.

The original petition was filed June 28, 1954, the first amended petition was filed August, 1954, and the second petition was filed November, 1955.

At this point defendant's contention takes a peculiar twist. Assuming *arguendo,* J. E. Tobin was a new party and was not brought into the case until January 10, 1956, the defendant admits on the one hand that this date is within the two year period by five months and eighteen days (June 28, 1954) but on the other hand takes the position that the plaintiff alleges the acts of the defendant while done over a seven year period were not discovered by plaintiff "until shortly before the filing of this petition" according to the allegations added to the second amended petition. Defendant then reasons that the court would have to take judicial notice that the quarrying of 8,000 tons of rock and other alleged frauds and trespass could not have occurred in the five months and eighteen days (January 10, 1954 to June 28, 1954) remaining of the two year statutory period.

The defendant's position may be good defensive matter but it is not a sound argument in the consideration of the second amended petition against a demurrer.

There is nothing in the petition to support the defendant's contention that J. "E." Tobin was, in fact, a new defendant and under the rule the court cannot go outside the petition to search the files or other recods of the case to substantiate it.

In *American Glycerin Co. v. Freeburne,* 157 Kan. 22, 138 P. 2d 468, the court dealt with this very question. Syllabus 2 reads:

"Before a demurrer to a petition can be sustained upon the ground the action is barred by the statute of limitations, the facts constituting the bar must appear on the face of the petition and cannot be supplied from the files in the case or other records which disclose the date on which summons was served on the defendants."

There is nothing irregular about the correction of the name of a party to a lawsuit. In fact the court has a wide discretion in this matter and it has long been settled in this jurisdiction that such a correction or amendment relates back to the date of the filing of the original petition.

In *Sundgren v. Topeka Transportation Co.,* 178 Kan. 83, 283 P. 2d 444, the court said:

"It has been a long standing rule of this court that where a petition alleges a cause of action but does so imperfectly and with insufficient detail, and the additional allegations of an amended petition are only an enlargement and amplification of the averments of the original by setting out more definitely that which was previously imperfectly pleaded and do not set up a new cause of action, the fact that the statute of limitations has run when the amended petition is filed is not a bar to recovery, for in such a case the amended petition relates back to the date of filing of the original one. (*Maddox v. Neptune,* 175 Kan. 465, 264 P. 2d 1073; *Hoffman v. Hill,* 175 Kan. 826, 267 P. 2d 526; *Talbott v. Farmers Union Co-op Elevator,* 174 Kan. 435, 256 P. 2d 856; *Smith v. LaForge,* 170 Kan. 677, 228 P. 2d 509.) Moreover, the amended petition did not set up a new cause of action but merely tended to show the proper party plaintiff. This could be shown by amending the original petition, and such amendment would relate back to the commencement of the action so as to bar the statute from running in favor of the defendant. . . ." (p. 89.)

See, also, *Dewey v. M'Lain,* 7 Kan. 83 [2nd. Ed.]; *Packing and Provision Co. v. Casing Co.,* 34 Kan. 340, 8 Pac. 403; *Weaver v. Young,* 37 Kan. 70, 14 Pac. 458; *Farmers' Bank v. Bank of Glen Elder,* 46 Kan. 376, 26 Pac. 680; *Bonding Co. v. Dickey,* 74 Kan. 791, 88 Pac. 66; *Lumber Co. v. Collinson,* 97 Kan. 791, 156 Pac. 724; *Butter Tub Co. v. National Bank,* 115 Kan. 63, 222 Pac. 754; *Braymer Mfg. Co. v. Midwest & G. Oil Corporation,* 118 Kan. 439, 235 Pac. 847; and 39 Am. Jur., Parties, § 109.

Since the amendment of the middle initial "E." for the middle initial "A." in the defendant's name allowed on motion by the court related back to the date of the filing of the original petition, the second amended petition is good as against demurrer on the ground

it is barred by the statute of limitations. Assuming, *arguendo*, the defendant J. E. Tobin was a new party defendant brought in January 10, 1956, the petition would still be good. The date of filing the original petition was still within the two year period and the court could not take judicial notice outside the petition that the acts complained of could not have been performed in the short time of five months and eighteen days.

The defendant also complains that the court should not have overruled part of his motion to make definite and certain. No appeal is taken from the order and it was not included in the specification of errors. The correctness of these rulings is not before us for appellate review (*Zinn v. Hill Lumber & Investment Co.*, 176 Kan. 669, 272 P. 2d 1106; *Jackson, Administrator v. Weese*, 180 Kan. 611, 305 P. 2d 839; *Bortzfield v. Sutton*, 180 Kan. 46, 299 P. 2d 584; and *Daniels v. Wood Construction Co.*, 175 Kan. 877, 267 P. 2d 517).

The judgment of the district court is affirmed.